**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEITH FINO, | No. 16-35961 |
| Plaintiff-Appellant, | D.C. No. 6:15-cv-01910-PA |
| v. | |
| NANCY BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Argued and Submitted May 10, 2018
Portland, Oregon

Before: RAWLINSON and CHRISTEN, Circuit Judges, and BLOCK**, District
Judge.

We assume the parties are familiar with the facts and procedural history. We

review a district court's order affirming denial of benefits de novo. *Diedrich v.*

*Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017). We may set aside the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
  \*\* The Honorable Frederic Block, United States Senior District Judge for the Eastern District of New York, sitting by designation.

Commissioner's denial of benefits if the administrative law judge ("ALJ") committed legal error or reached a decision not supported by substantial evidence. *Id.* The ALJ made several errors.

First, the ALJ failed to fairly develop the record. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). On remand, the ALJ shall acquire the Department of Veterans Affairs ("VA")'s "C&P Report" and Fino's February 2014 shoulder MRI results.[1] The ALJ shall also seek records clarifying Fino's 2011 income and address his explanation that the payments were for work performed before his alleged onset date.

Second, the ALJ erred in rejecting the VA Rating Decision "in light of the objective testing and treatment history" because she was required to give "persuasive, specific, valid reasons" for rejecting it. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

Third, the ALJ erred in discounting the evidence of Fino's worsening symptoms, particularly his diabetes and shoulder injury and the effects of Fino's disabilities in combination, rather than isolation. *See Smolen v. Chater*, 80 F.3d

---

[1] We do not share the dissent's view that the C&P Report was unnecessary because it was summarized in the VA Rating Decision. The C&P Report was a key part of the record. And contrary to the dissent's position, the shoulder MRI revealed soft tissue injuries not seen in the initial x-ray. This evidence was material to the ALJ's conclusion that Fino could lift 25 pounds frequently and 50 pounds occasionally, and could perform overhead reaching with his injured arm.

16-35961

1273, 1290 (9th Cir. 1996) (ALJ erred in failing to consider effects of impairments in combination).

Finally, the ALJ did not give sufficient reasons to discount Fino's symptom testimony. In particular, the ALJ erred in finding his limited daily activities were consistent with an ability to work. *See Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) (limited daily activities are not transferrable to work environment).

Upon fully developing the record and correcting the above errors, the ALJ shall redetermine Fino's residual functional capacity ("RFC") and ability to do work in the national economy.

**REVERSED AND REMANDED.**

16-35961



**Fino v. Berryhill**, Case No. 16-35961
**Rawlinson, Circuit Judge, dissenting:**

I respectfully dissent. In my view, the decision of the Administrative Law Judge (ALJ) was supported by substantial evidence in the record. More specifically, I do not agree that the ALJ failed to fairly develop the record by not acquiring the Compensation and Pension (C&P) Report from the Veterans Administration (VA) or post-hearing MRI results for claimant's shoulder.

Although the ALJ did not have the C&P report itself, she reviewed the VA disability decision, which summarized and relied upon the C&P report. In addition, the ALJ had in the record most of Fino's treatment records from the VA. Undoubtedly, this material constituted substantial evidence sufficient to support the ALJ's decision. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (defining substantial evidence as "more than a scintilla but less than a preponderance"). Evidence is substantial if it is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id*. (citation omitted). Given the comprehensive evidence before the ALJ concerning the VA's disability rating, the ALJ could evaluate the evidence and draw reasonable conclusions without reviewing the C&P report directly. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).

As for the post-hearing MRI, nothing in that report represented a material departure from the medical evidence presented to and considered by the ALJ. The x-ray report in the record reflected the existence of "moderate osteoarthritis" and the MRI similarly reflected the existence of "mild-to-moderate degenerative joint disease." That the MRI may have revealed additional soft tissue injuries does not alter the ultimate fact that the diagnoses for the x-ray and MRI were virtually identical. Because Fino failed to demonstrate how this virtually identical MRI report would have materially altered the ALJ's findings, the ALJ committed no error in declining to hold the record open. *See Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001), *as amended*.

The ALJ provided specific reasons for giving less weight to the VA disability rating, including the treatment records, medical history and reports of examining physicians over the course of treatment. In similar fashion, the ALJ discounted the claimant's symptom testimony due to discrepancies between that testimony and treatment records reflecting normal gait, muscle strength and reflexes; and discrepancies between daily activities and the level of disability asserted.

Finally, the majority cites as error the ALJ's asserted "discounting [of] the evidence of [claimant's] worsening symptoms, particularly his diabetes and

2

shoulder injury and the effects of [claimant's] disabilities in combination, rather than isolation." However, this argument was not made in the Opening Brief, and is not properly before us. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018).