NOT FOR PUBLICATION

FILED

AUG 27 2020

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT



# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>OLGA VLADMIROVNA BORDENYUK,<br>　　　　　Debtor. | BAP No. HI-20-1042-BSG<br><br>Bk. No. 19-01368-RF |
| OLGA VLADMIROVNA BORDENYUK,<br>　　　　　Appellant,<br>v.<br>RICHARD A. YANAGI, Chapter 7<br>Trustee; BENJAMIN GALE,<br>　　　　　Appellees. | MEMORANDUM[*] |

Appeal from the United States Bankruptcy Court
for the District of Hawaii
Robert J. Faris, Chief Bankruptcy Judge, Presiding

Before:　　BRAND, SPRAKER, and GAN, Bankruptcy Judges.

## INTRODUCTION

Appellant Olga V. Bordenyuk appeals an order approving the chapter 7[1] trustee's compromise with the personal representative for the probate

---

[*] This disposition is not appropriate for publication.  Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal

(continued...)

estate of Karen Stirling ("Stirling Probate Estate"). We AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.    Prepetition events**

In January 2018, Stirling and Bordenyuk entered into an agreement whereby Bordenyuk, for a fee, would provide personal services to Stirling, to include handling of Stirling's finances and caring for her condominium in Hawaii. On May 1, 2018, Stirling and Bordenyuk entered into a three-year lease agreement for the condominium ("Lease"), with Stirling as lessor and Bordenyuk as lessee.

Stirling passed away three weeks after entering into the Lease with Bordenyuk. Benjamin Gale is the personal representative for the Stirling Probate Estate. Bordenyuk filed various claims in the probate case seeking, among other relief, compensation for services she provided to Stirling and reimbursement for payment of certain expenses for the condominium. The total amount Bordenyuk requested has been asserted as both $564,778.52 and $438,722.28. In turn, the personal representative filed claims against Bordenyuk including declaratory and injunctive relief on her claims and for an order compelling her to return probate estate property.

Between October and December 2019, the probate court entered a series of oral rulings and written orders denying all of Bordenyuk's claims,

[1](...continued)
Rules of Bankruptcy Procedure.

except her claim for reimbursement of certain funeral expenses. Bordenyuk appealed the orders to the Hawaii Intermediate Court of Appeals ("Probate Appeal").

**B.     Postpetition events**

After Bordenyuk filed her chapter 7 bankruptcy case on October 25, 2019, the chapter 7 trustee, Richard A. Yanagi ("Trustee"), filed a motion to approve a settlement agreement with the personal representative for the Stirling Probate Estate ("Settlement Motion"). In exchange for Trustee's dismissal of the Probate Appeal and his assignment of the bankruptcy estate's interest in the Lease and any other claims against the Stirling Probate Estate (except the funeral expense claim), the Stirling Probate Estate would pay Trustee $20,000. Trustee argued that the compromise was reasonable, fair and equitable, and satisfied the factors set forth in *Woodson v. Fireman's Fund Insurance Co. (In re Woodson)*, 839 F.2d 610 (9th Cir. 1988) and *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377 (9th Cir. 1986).

Objections to the Settlement Motion were to be filed by January 29, 2020, fourteen days before the hearing set for February 12. The Notice of Hearing filed and served with the Settlement Motion warned that, pursuant to Local Rule 9021-1, failure to object could result in the February 12 hearing being vacated and entry of an order granting relief upon the movant's filing of a Declaration and Request for Entry of Order. Bordenyuk's attorney of record, Michael Collins, was served with the Notice of Hearing and

Settlement Motion.

No timely objections to the Settlement Motion were filed. On January 31, 2020, Trustee filed a Declaration and Request for Entry of Order approving the Settlement Motion, attesting that all necessary parties were served with the moving papers and that no objections had been timely filed.

On February 4, 2020, the bankruptcy court entered an order approving the Settlement Motion, finding that notice was proper, that no objections had been filed, and that approving the settlement would be in the best interests of the estate and its creditors ("Settlement Order"). Later that same day, Collins, on Bordenyuk's behalf, filed an "Affidavit" drafted by Bordenyuk. Although the Affidavit appeared to be an untimely objection to the Settlement Motion, it made no reference to it.

Bordenyuk timely filed both a motion for relief from the Settlement Order and a notice of appeal. Without a hearing, the bankruptcy court entered an order denying the motion for relief on March 2, 2020.[2]

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

---

[2] Bordenyuk's notice of appeal filed on the same day as her motion for relief from the Settlement Order became effective once the order denying relief from the Settlement Order was entered by the bankruptcy court. Rule 8002(b)(2). However, Bordenyuk did not file an amended notice of appeal to include the order denying relief from the Settlement Order as required for our review of that order. Rule 8002(b)(3).

## III. ISSUES

1.      Did the bankruptcy court abuse its discretion by vacating the hearing and entering the Settlement Order in the absence of a timely filed objection?

2.      Did the bankruptcy court abuse its discretion in approving the Settlement Motion?

## IV. STANDARDS OF REVIEW

We review the bankruptcy court's application of its local rules for an abuse of discretion. *See United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). The bankruptcy court's approval of a compromise is also reviewed for an abuse of discretion. *Debbie Reynolds Hotel & Casino, Inc. v. Calstar Corp. (In re Debbie Reynolds Hotel & Casino, Inc.)*, 255 F.3d 1061, 1065 (9th Cir. 2001). A bankruptcy court abuses its discretion if it applies an incorrect legal standard, or if its factual findings are illogical, implausible, or without support from evidence in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

## V. DISCUSSION

Bordenyuk argues that the bankruptcy court erred by vacating the February 12 hearing and entering the Settlement Order on February 4, without notice to her. We disagree. Local Rule 9021-1(a)[3] authorizes the

---

[3] Local Rule 9021-1(a) provides:

(a) Request for Entry of Order Upon Default.  In the absence of a timely filed response to a motion or application, a party may request the entry of an

(continued...)

5

court to grant certain motions and take hearings off calendar in the absence of a timely filed objection. Collins, Bordenyuk's attorney of record at the time, was served with the Notice of Hearing and Settlement Motion. The Notice of Hearing expressly stated that any party opposing approval of the settlement must file an objection by January 29. Bordenyuk did not timely object. Rather, her Affidavit, which failed to raise any relevant objection or even mention the Settlement Motion, was not filed until just after the Settlement Order was entered on February 4. With no objection filed by the deadline of January 29, Trustee opted to file a Declaration and Request for Entry of Order to obtain a default order. In its discretion under the local rule, the bankruptcy court vacated the February 12 hearing and entered the Settlement Order.

Bordenyuk also argues that the bankruptcy court erred by approving a settlement based on misinformation and false statements. Bordenyuk fails to articulate what "misinformation" or "false statements" the bankruptcy court relied on for its decision to approve the settlement or how it constitutes reversible error. In any case, Bordenyuk did not present these arguments to the bankruptcy court before it entered the Settlement Order, and therefore we will not consider them on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("As a general rule, we will not consider arguments that are

---

[3](...continued)
order by filing a request substantially conforming to the local form (Declaration and Request for Entry of Order).

raised for the first time on appeal").

Finally, in an unauthorized "opening" brief filed on March 25, 2020 (Dkt. 12), Bordenyuk argues that the bankruptcy court erred by approving a settlement that was not "fair and equitable" and further erred by not making the proper findings under *Woodson* and *A & C Properties* to support its decision. Because Bordenyuk did not raise these arguments in her amended opening brief filed on March 9, 2020 (Dkt. 8), the only authorized opening brief filed in this case, she has waived them.[4] *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("The usual rule is that arguments raised for the first time on appeal or omitted from the opening brief are deemed forfeited.").

## VI. CONCLUSION

For the reasons stated above, we AFFIRM.

---

[4] We also did not consider the parties' additional unauthorized briefs filed on April 22, 2020, April 23, 2020, June 13, 2020, and June 26, 2020.