**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUCINDA LOZANO; et al.,

        Plaintiffs-Appellants,

v.

COUNTY OF SANTA CLARA; et al.,

        Defendants-Appellees.

No. 20-15992

D.C. No. 3:19-cv-02634-EMC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted August 10, 2021
San Francisco, California

Before: SILER,** CHRISTEN, and FORREST, Circuit Judges.

Plaintiffs appeal the district court's Rule 12(b)(6) dismissal of claims

brought pursuant to 42 U.S.C. § 1983 by the parents of deceased inmate Johnny

Lozano. Because the parties are familiar with the facts, we do not recite them here.

---

       * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       ** The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

We review de novo a dismissal for failure to state a claim pursuant to Rule 12(b)(6), *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011), and we review for abuse of discretion an order granting dismissal without leave to amend, *OSU Student All. v. Ray*, 699 F.3d 1053, 1079 (9th Cir. 2012).  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      Plaintiffs argue they adequately pleaded that the County's policies amounted to deliberate indifference, and that the policies were the "moving force" behind Lozano's death pursuant to *Monell v. Department of Social Services,* 436 U.S. 658, 690, 694 (1978).  *See Dougherty*, 654 F.3d at 900.  The district court found that the Amended Complaint alleged three County policies: "(1) failing to provide long-term treatment plans for inmates," (2) "canceling medical appointments and falsifying the reasons for doing so," and (3) "denying medically necessary treatment to inmates for financial reasons."  The parties do not dispute that Lozano had serious medical needs from the outset of his detention.

We conclude the Amended Complaint failed to allege deliberate indifference due to any of these policies.  First, while plaintiffs argue that Lozano was treated with deliberate indifference because he was denied a long-term treatment plan, they have not alleged that a reasonable officer would have known that the absence of such a plan could result in further significant injury or the unnecessary and

2

wanton infliction of pain. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *cf. Long v. County of Los Angeles*, 442 F.3d 1178 (9th Cir. 2006). Indeed, plaintiffs allege that Lozano was denied routine care, but never specify what routine care Lozano did not receive that would have prevented his death. As the district court observed, the alleged facts are insufficient to raise an inference that additional routine treatment would have prevented Lozano's decline and death. *See Dougherty*, 654 F.3d at 900.

Plaintiffs' argument that Lozano suffered constitutional injury due to cancellation of medical appointments also fails. Lozano was able to access medical care on numerous occasions during his confinement, and he was never denied treatment when symptomatic. Though subject to some delays, Lozano received monitoring of his condition in the form of blood draws, vital sign checks, medication, and medical device monitoring, and his medical appointments were all eventually rescheduled. *Cf. Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012). Hence, plaintiffs have not adequately alleged that Lozano experienced constitutional harm due to denial of a long-term treatment plan or cancellation of medical appointments.

Plaintiffs also have not adequately alleged that Lozano was denied medication and medical attention for financial reasons, or that any such denial

caused Lozano's decline or death. With regard to the denial of a potential transfer to Stanford, while the Complaint alleges that Lozano was not sent for further treatment for financial reasons (e.g. because the jail system could not care for him post-transplant), plaintiffs also allege that Dr. Fowler told Dr. Zhao that, in his opinion, Lozano would not be a good fit for a transplant. This does not constitute deliberate indifference by the County, nor have plaintiffs alleged that, had Lozano received the transplant or some other heart implantation, he would have survived. For these reasons, we conclude that Lozano did not plausibly allege deliberate indifference due to a County policy.

2.     Plaintiffs further argue that the district court erred by dismissing their § 1983 claim against the doctor defendants. Plaintiffs have not adequately alleged that any of the individual doctors' conduct created a "substantial risk of suffering serious harm" that "a reasonable official in the circumstances would have appreciated," nor that their conduct *caused* Lozano's decline and death. *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Therefore, we conclude that the district court did not err by dismissing these claims.

3.     Plaintiffs submit that the district court abused its discretion by denying leave to amend on both their *Monell* claim and their claims against the doctor defendants. However, in their appellate briefing, plaintiffs have not indicated that they would

4

be able to allege additional facts that could redeem their claims. Thus, we conclude the district court did not abuse its discretion by denying leave to amend the constitutional claims, as granting leave to amend would likely be futile.

4.     Finally, plaintiffs argue the district court abused its discretion by dismissing their medical malpractice and wrongful death claims without leave to amend because California's "delayed discovery doctrine" should apply. We conclude that plaintiffs have forfeited this argument because they first raised it in their motion for reconsideration. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018).


        **AFFIRMED.**