**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARRISON ORR, <br> *Plaintiff-Appellee*, <br><br> v. <br><br> PLUMB, Officer, California Highway Patrol, <br> *Defendant-Appellant*, <br><br> and <br><br> BRAME, Officer, California Highway Patrol; STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL, <br> *Defendants*. | No. 16-15014 <br><br> D.C. No. <br> 2:14-cv-00585- <br> WBS-EFB <br><br><br> OPINION |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted August 18, 2017
San Francisco, California

Filed March 12, 2018

Before:  Johnnie B. Rawlinson and Jacqueline H. Nguyen,
    Circuit Judges, and Sarah S. Vance,[*] District Judge.

Opinion by Judge Nguyen;
Dissent by Judge Rawlinson

---

## SUMMARY[**]

---

### Civil Rights

The panel dismissed, for lack of jurisdiction, a defendant's appeal from the district court's judgment on a jury's special verdict in a 42 U.S.C. § 1983 action.

The panel held that the appeal was not timely filed under 28 U.S.C. § 2107, Federal Rule of Appellate Procedure 4, and Federal Rule of Civil Procedure 58.  The panel held that because the district court never entered a separate judgment pertaining to the jury's verdict, Rule 58(c)'s alternative provision for entry of judgment kicked in after 150 days. The panel determined that the special jury verdict in this case was a full adjudication of the issues and therefore entry of the jury special verdict started the 150-day countdown to November 16, 2015.  Defendant then had 30 days to appeal. He did not file the notice of appeal of the jury special verdict until 49 days later, on January 4, 2016, rendering the appeal untimely.

---

[*] The Honorable Sarah S. Vance, United States District Judge for the Eastern District of Louisiana, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

Dissenting, Judge Rawlinson stated that she disagreed with the majority's conclusion that defendant's appeal of the jury's special verdict was untimely. Judge Rawlinson stated that defendant's "untimely" appeal was the result of a procedural morass not of his making, and should not result in the loss of his right to appeal.

## COUNSEL

Krista Dunzweiler (argued) and Stephen C. Pass, Deputy Attorneys General; Peter A. Meshot, Supervising Deputy Attorney General; Kristin G. Hogue, Senior Assistant Attorney General; Office of the Attorney General, Sacramento, California; for Defendant-Appellant.

Michael J. Haddad (argued), Julia Sherwin, and T. Kennedy Helm, Haddad & Sherwin LLP, Oakland, California; Richard M. Pearl (argued), Law Offices of Richard M. Pearl, Berkeley, California; for Plaintiff-Appellee.

Peter J. Eliasberg, ACLU Foundation of Southern California, Los Angeles, California; Carol A. Sobel, Law Office of Carol A. Sobel, Santa Monica, California; for Amici Curiae ACLU of Southern California, ACLU of Northern California, ACLU of San Diego and Imperial County, and National Police Accountability Project.

**OPINION**

NGUYEN, Circuit Judge:

Terrence Plumb appeals the district court's judgment on the jury's special verdict in this § 1983 case.[1] The threshold issue is whether his appeal is timely under 28 U.S.C. § 2107, Federal Rule of Appellate Procedure 4 ("Rule 4"), and Federal Rule of Civil Procedure 58 ("Rule 58"). We conclude that it isn't. Because the district court never entered a separate judgment, Rule 58(c)'s alternative provision for entry of judgment kicked in after 150 days. Plumb didn't file his notice of appeal until more than 30 days thereafter. Consequently, his appeal of the special verdict is untimely, and we lack jurisdiction to consider it.

**I.**

Harrison Orr was driving five miles per hour below the highway's posted limit. He was 76 years old, and his license plates indicated that he had a disability. California Highway Patrol ("CHP") officer Jay Brame observed Orr's vehicle drift halfway into the next lane. Brame pulled him over, suspecting that he was driving under the influence of alcohol or drugs. Although Orr was cooperative and answered Brame's questions, his pupils were constricted, his speech was slurred, and he couldn't maintain his balance unassisted. Orr explained that his trouble balancing was due to a brainstem stroke that he had suffered.

---

[1] We resolve Plumb's appeal of the district court's denial of his motion for judgment as a matter of law, no. 15-16514, and plaintiff's appeal of the partial denial of his motion for attorney's fees, no. 16-15109, in a concurrently filed memorandum disposition.

A second officer, Plumb, came to assist. A breath test ruled out alcohol intoxication. Orr agreed to go with the officers to the station for drug testing but told them he couldn't be handcuffed because he needed the use of his hands and arms for balance and control. Orr passively resisted being handcuffed by folding his arms across his chest and twisting his upper torso back and forth. When Brame wasn't looking, Plumb punched Orr in the stomach. Orr fell to the ground, and the officers handcuffed him. At the station, they determined he wasn't under the influence of drugs. Orr was charged with resisting arrest but later released. The district attorney declined to prosecute Orr due to insufficient evidence.

Orr sued the two officers and the CHP on various federal and state law grounds regarding the arrest, the amount of force used, and defendants' alleged failure to accommodate his disability. On June 17, 2015, the jury returned a special verdict that was entirely favorable to Brame and the CHP. But the jury found that Plumb used excessive force in arresting Orr and awarded $125,000 in damages. The same day, the clerk entered the special verdict into the docket along with a minute order stating, "verdict returned, read and filed in favor of plaintiff."

The following week, Plumb moved for judgment as a matter of law ("JMOL") under Federal Rule of Civil Procedure 50(b). The district court denied the motion in a July 8, 2015 order. Plumb filed a notice of appeal later that month. The notice specified that he was appealing the JMOL ruling and gave no indication that he intended to appeal anything else.

In August 2015, Orr moved for attorneys' fees. In December, while the fee motion was under submission,

Plumb submitted his opening brief in the appeal of the JMOL order. Like the notice of appeal, the opening brief contained no hint that Plumb planned to appeal anything else. In fact, Plumb stated that the JMOL order "was the district court's final one on the issues of [his] liability." On December 22, 2015, the district court partially granted Orr's request for attorneys' fees.

Plumb filed a second notice of appeal on January 4, 2016, stating that the appeal was "from Judgment based on the Special Verdict." He asserted that the judgment "was entered as a matter of law pursuant to [Rule] 58(c)(2)(B) 150 days after the [JMOL order]." Orr appealed the order regarding attorneys' fees on January 18, 2016.

On February 1, 2016, the district clerk signed and entered a document captioned "Judgment in a Civil Case." The clerk's judgment ordered "that judgment is hereby entered in accordance with the jury verdict rendered 6/17/2015."

After the briefing in Plumb's appeal of the JMOL order was complete, we consolidated the three appeals. The parties then submitted a second round of briefing addressing this appeal and Orr's appeal of the fee order.

## II.

### A.

Unless the district court extends the deadline within the prescribed time, "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007)); *see Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 21 (2017). Whether a notice of appeal is timely filed depends on when the order

or judgment appealed from is entered. A notice of appeal generally must be filed "within thirty days after the entry." 28 U.S.C. § 2107(a); *accord* Fed. R. App. P. 4(a)(1)(A).

Rule 58 sets forth the framework for determining when and how an appealable order or judgment is entered. Since its adoption in 1938, the rule has been consistent in two respects. It requires prompt entry of judgment,[2] and it distinguishes between the "uncomplicated" judgments that are normally issued by the clerk without further direction from the court and the more complex ones that require the court's involvement. *See* Fed. R. Civ. P. 58, advisory committee's note to 1963 amendment. In particular, judgments on general jury verdicts may be entered by the clerk without the court's direction, but the court must "approve the form of the judgment" on a jury special verdict. Fed. R. Civ. P. 58(b).

Notwithstanding this consistency, Rule 58 has undergone two significant changes. In 1963 it was amended to require that every judgment "be set forth on a separate document."[3] Fed. R. Civ. P. 58(a). The "sole purpose" of

---

[2] The current version of Rule 58 requires both court and clerk to act "promptly." Originally, the rule stated that the judge should "promptly . . . approve the form of the judgment," if required, and the clerk should in all cases enter the judgment "forthwith." Fed. R. Civ. P. 58 (1938). To give a sense of what the rule meant by "promptly" and "forthwith," the original Advisory Committee Notes reference the time periods established in various states, which ranged from 24 hours (Idaho and Montana) to one week (Connecticut).

[3] The 1963 amendment largely prohibited attorneys from submitting the separate documents. *See* Fed. R. Civ. P. 58 (1963) ("Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course."). This prohibition was "to avoid the delays that were frequently encountered by

requiring a separate document for the court's judgment "was to clarify when the time for appeal . . . begins to run." *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007) (omission in *Whitaker*) (quoting *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 384 (1978) (per curiam)).   Prior to this amendment, parties frequently had difficulty ascertaining whether a court's ruling contained all of the elements of a judgment and thus whether it started the time limits for post-trial motions and appeals. *See* Fed. R. Civ. P. 58, advisory committee's note to 1963 amendment.  The confusion could have harsh consequences, particularly with the rule then in effect that a premature notice of appeal was ineffectual if certain post-decision motions were also filed. *See* Fed. R. Civ. P. 73(a) (1946); *Otis v. City of Chicago*, 29 F.3d 1159, 1166 (7th Cir. 1994) (en banc) (discussing the "trap that caused appeals filed before the disposition of a motion for reconsideration to self-destruct and thereby cost many parties, who were not keenly aware of the niceties of appellate practice, any opportunity for review").[4]

The use of a separate document to signify that a judgment was ripe for appeal, while largely eliminating

---

the former practice of directing the attorneys for the prevailing party to prepare a form of judgment, and also to avoid the occasionally inept drafting that resulted from attorney-prepared judgments." Fed. R. Civ. P. 58, advisory committee's note to 2002 amendment.  It was replaced by Rule 58(d), which "allow[s] any party to move for entry of judgment on a separate document" and was designed to "protect all needs for prompt commencement of the periods for motions, appeals, and execution or other enforcement." *Id.*

[4] This trap was eliminated in the 1979 and 1993 amendments to Rule 4, the "theme" of which "is that decisions may become final and appealable after their announcement or entry, and that to preserve the right of appellate review courts should permit parties to appeal either before or after the technical date of 'finality.'" *Otis*, 29 F.3d at 1166.

uncertainty, created its own set of problems. Courts often neglected to enter judgment on a separate document, with the result that the time to appeal never began to run. To address the "many and horridly confused problems" created by these lapses, Rule 58 was amended in 2002 "to ensure that appeal time does not linger on indefinitely." Fed. R. Civ. P. 58, advisory committee's note to 2002 amendment.

Currently, for purposes of appeal and post-decision motion deadlines, final judgments are entered "the earlier of" the date that the decision is set out in a separate document and 150 days after it is entered in the docket. Fed. R. Civ. P. 58(c)(2). In other words, if both "court and clerk fail to comply with [the] simple requirement" of entering final judgment on a separate document, then judgment is constructively entered on the 150th day. Fed. R. Civ. P. 58, advisory committee's note to 2002 amendment. For orders resolving certain separately appealable post-decision motions, including JMOL motions under Federal Rule of Civil Procedure 50(b), no separate document is required; "judgment" on these orders occurs when they are entered in the docket. Fed. R. Civ. P. 58(a), (c)(1).

## B.

The term "judgment" is defined broadly to include "any order from which an appeal lies." Fed. R. Civ. P. 54(a). In other words, it is a final order or decision. *E.g.*, *Bankers Tr. Co.*, 435 U.S. at 384 n.2; *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000). In determining whether a disposition is final, we employ "'a practical rather than a technical' analysis." *Bishop Paiute Tribe v. Inyo County*, 863 F.3d 1144, 1151 n.2 (9th Cir. 2017) (quoting *Gillespie v. U.S. Steel Corp.*, 379 U.S. 148, 152 (1964)); *see* Rule 58, advisory committee's note to 2002 amendment ("The . . .

definition of the entry of judgment must be applied with common sense . . . .").

A jury verdict is not directly appealable because a separate document is required—with the court's approval in the case of a special verdict—in order to constitute a formal judgment. Fed. R. Civ. P. 58(a), (b)(2)(A); *see In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1297 (7th Cir. 1995) ("[A] verdict as such is not an appealable order."). However, a verdict is "final," and eventually appealable after actual or constructive judgment is entered, if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Klestadt & Winters, LLP v. Cangelosi*, 672 F.3d 809, 813 (9th Cir. 2012) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)); *cf. Casey v. Long Island R.R.*, 406 F.3d 142, 147–48 (2d Cir. 2005) (assuming that after the 2002 amendments to Rule 58, a jury special verdict would trigger the 150-day alternative date for entry of judgment).

The special verdict here was "a full adjudication of the issues." *Van Dusen v. Swift Transp. Co.*, 830 F.3d 893, 896 (9th Cir. 2016) (quoting *Nat'l Distrib. Agency v. Nationwide Mut. Ins.*, 117 F.3d 432, 433 (9th Cir. 1997)). It established that Plumb is liable to Orr for $125,000 and the other defendants are not liable. There was nothing further for the court to do other than enter a separate judgment memorializing the jury's findings. That the special verdict left nothing to be decided is evident both from Plumb's decision to appeal it before a separate judgment was entered, and from the clerk's judgment, which purported to enter judgment "in accordance with the jury verdict" without further explanation.

Therefore, entry of the jury special verdict started the 150-day countdown to November 16, 2015,[5] when an appealable judgment on the jury special verdict was constructively entered due to the district court's inaction. By allowing the jury special verdict to stand without modifying or vacating it prior to the constructive entry of judgment, the district judge "clearly evidence[d] [his] intention that it be the court's final act in the matter." *Van Dusen*, 830 F.3d at 896 (quoting *Nat'l Distrib. Agency*, 117 F.3d at 433). Plumb then had 30 days to appeal. He did not file the notice of appeal of the jury special verdict until 49 days later, on January 4, 2016, rendering the appeal untimely.

## C.

Plumb argues that the special verdict's entry in the docket couldn't have triggered the 150-day period culminating in the entry of judgment because the district court didn't approve its form and the clerk didn't enter it on a separate document as required by Rule 58(b)(2). Rule 58(b) describes how the separate judgment must be prepared and entered, but only if one is necessary. Rule 58(c) clarifies that entry of a separate judgment, even if required under Rule 58(a), is not necessary to start the time to appeal, which occurs automatically after 150 days.[6] In adopting the 2002

---

[5] The 150th day fell on a Saturday. Judgment on the special verdict was constructively entered on the following Monday pursuant to Federal Rule of Civil Procedure 6.

[6] In relevant part, Rule 58 provides:

> **(a) Separate Document.** Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion:

    **(1)** for judgment under Rule 50(b);

    **(2)** to amend or make additional findings under Rule 52(b);

    **(3)** for attorney's fees under Rule 54;

    **(4)** for a new trial, or to alter or amend the judgment, under Rule 59; or

    **(5)** for relief under Rule 60.

**(b) Entering Judgment.**

    **(1)** *Without the Court's Direction.* Subject to Rule 54(b) and unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when:

        **(A)** the jury returns a general verdict;

        **(B)** the court awards only costs or a sum certain; or

        **(C)** the court denies all relief.

    **(2)** *Court's Approval Required.* Subject to Rule 54(b), the court must promptly approve the form of the judgment, which the clerk must promptly enter, when:

        **(A)** the jury returns a special verdict or a general verdict with answers to written questions; or

        **(B)** the court grants other relief not described in this subdivision (b).

**(c) Time of Entry.** For purposes of these rules, judgment is entered at the following times:

    **(1)** if a separate document is not required, when the judgment is entered in the civil docket under Rule 79(a); or

    **(2)** if a separate document is required, when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs:

        **(A)** it is set out in a separate document; or

        **(B)** 150 days have run from the entry in the civil docket.

amendments, Congress "decided that ensuring finality eventually becomes more important than strictly enforcing Rule 58's separate document requirement." *Harmston v. City & County of San Francisco*, 627 F.3d 1273, 1280 (9th Cir. 2010).

The Fifth Circuit has characterized Plumb's argument "as diametrically contrary to the text, purpose and design of the integrated system established by [Federal Rules of Civil Procedure] 58 and 79 and [Federal Rule of Appellate Procedure] 4." *Burnley v. City of San Antonio*, 470 F.3d 189, 196 (5th Cir. 2006).[7] We agree. As *Burnley* observed, such a reading of Rule 58(b) "would render the 150-day cap required by [Rule 58(c)] meaningless and defeat the purpose of the 2002 amendments." *Id.* Under Rule 58(c)(2)(B), "the cap only begins to run upon the clerk's entry of judgment in the civil docket; if the clerk cannot make a valid entry of judgment when the Court defaults on its duty, as [Plumb] contends, the cap could never begin to run in the very cases in which it was intended to apply." *Id.*

Plumb suggests two alternative dates as having triggered the time to appeal the jury special verdict. First, he asserts that the district court's order denying his JMOL motion was "the only 'judgment' for purposes of Rule 58 that could start the 150 day period running under . . . Rule 58(c)(2)." Under this theory, the 150-day period ran from entry of the JMOL order and ended on December 7, 2015; Plumb's notice of appeal, filed less than 30 days later, was timely.

---

[7] *Burnley* involved a general verdict accompanied by interrogatories, which is treated the same as a special verdict. *See* Fed. R. Civ. P. 58(b)(2)(A).

Plumb's theory fails to account for Rule 4(a)(4) and Rule 58(a)(1) and (c)(1). Rule 4(a)(4)(A) pertains to six post-decision motions, including one for JMOL under Rule 50(b). Fed. R. App. P. 4(a)(4)(A)(i). It provides that if a party timely files one of these motions, then "the time to file an appeal runs . . . from the entry of the order disposing of the last such remaining motion." *Id.* R. 4(a)(4)(A). Rule 58 is in accord. It provides that "an order disposing of a motion" for JMOL under Rule 50(b) does *not* require a separate document setting out the judgment, Fed. R. Civ. P. 58(a)(1), and judgment on the JMOL order therefore occurs "when the judgment [*i.e.*, the order] is entered in the civil docket." *Id.* R. 58(c)(1). There is no basis for imputing entry of an unnecessary separate judgment 150 days after entry of the JMOL order. Moreover, Plumb's theory conflicts with our previous holding that when the district court rules on a Rule 50(b) motion before entering final judgment in the case, the time to appeal runs from the entry of final judgment. *See ABF Capital Corp. v. Osley*, 414 F.3d 1061, 1064–65 (9th Cir. 2005).

Plumb also suggests that the clerk's judgment entered on February 1, 2016, started his time to appeal. There are several problems with this theory. To begin with, "[t]he rules plainly provide that judgment is entered when it is set forth on a separate document *or* when 150 days have run, whichever is earlier." *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 704 (9th Cir. 2007). "Because more than 150 days passed before the [clerk], for whatever reason, issued a judgment on a separate document, the 30 days in which to file a notice of appeal had been running from November [16, 2015], the end of the 150-day period." *Id.* "[I]f, after filing a final disposition, a court files a more formal judgment, the latter does not constitute a second final disposition or extend the appeal period." *S.L.*

*ex rel. Loof v. Upland Unified Sch. Dist.*, 747 F.3d 1155, 1161 (9th Cir. 2014) (quoting *In re Slimick*, 928 F.2d 304, 307 (9th Cir. 1990)).

Moreover, by filing the notice of appeal before the clerk entered judgment in a separate document, Plumb waived any reliance on it. "A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58(a) does not affect the validity of an appeal from that judgment or order." Fed. R. App. P. 4(a)(7)(B). Consequently, "when the parties treat a fully dispositive summary judgment order as if it were a final judgment, the requirement in Federal Rule of Civil Procedure 58 that the judgment 'be set forth on a separate document' can be waived." *Whitaker*, 486 F.3d at 579–80 (quoting *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1256 (9th Cir. 2004)); *see Bankers Tr. Co.*, 435 U.S. at 384–88.

Even if, for the sake of argument, we accept Plumb's position that compliance with Rule 58(b)(2) was necessary, the clerk's verdict did not meet that standard because the district court was required to "approve the form of the judgment." Fed. R. Civ. P. 58(b)(2). That means, at a minimum, that the district judge must sign the judgment. *See Steccone v. Morse-Starrett Prods. Co.*, 191 F.2d 197, 200 (9th Cir. 1951); *see also Levin v. Wear-Ever Aluminum, Inc.*, 427 F.2d 847, 849 (3d Cir. 1970) (concluding that separate judgment on jury special verdict must be "prepared and signed" to comply with Rule 58); *cf. United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 235–36 (1958) (construing judge's "signing and filing the formal 'judgment'" as evidence of judge's intent that it "constitute his final judgment in the case").

Plumb is not, as he claims, being "penalized . . . because the district court created uncertainty." He could have "request[ed] that judgment be set out in a separate document as required by Rule 58(a)." Fed. R. Civ. P. 58(d). There's no penalty for filing a premature notice of appeal. *See* Fed. R. App. P. 4(a)(2). "[I]f the judge does nothing further in the case for 150 days, then it should occur to even the most inattentive of appellate counsel that it is time either to seek clarification from the judge or to file an appeal." 16A Charles Alan Wright et al., *Federal Practice & Procedure* § 3950.2 (4th ed. 2017).

## D.

Pointing to the fact that "the appeals are now consolidated," Plumb asserts that "as a practical matter" he is "not in violation of the single appeal rule." Under the final judgment rule, "a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981)). That rule is not violated when a party appeals the final judgment in the case, which encompasses all of the interlocutory orders that preceded it, and separately appeals an appealable post-decision order. *See* Fed. R. App. P. 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A) . . . must file a notice of appeal, or an amended notice of appeal . . . .").

But our consolidation of the three appeals in this case for administrative convenience makes no difference to the timeliness inquiry. Timeliness is evaluated for each appeal when the notice of appeal is filed. We may consolidate appeals for a decision on the merits only if each of the

separate notices of appeal is timely and the appeals are subject to our jurisdiction. *See* Fed. R. App. P. 3(b)(2); *United States v. Washington*, 573 F.2d 1121, 1123 (9th Cir. 1978). Our consolidation order denied Orr's motion to dismiss this appeal "without prejudice to renewing the arguments in the answering brief." We thus deferred consideration of the jurisdictional question.

To the extent we have discretion to treat the arguments in this untimely appeal of the jury verdict as part of Plumb's timely appeal of the JMOL order, we decline to do so. A notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c). Plumb's timely notice of appeal indicated that he was appealing only the denial of his JMOL motion.

Although "a mistake in designating the judgment appealed from should not result in loss of the appeal as long as the intent to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake," *El-Shaddai v. Zamora*, 833 F.3d 1036, 1041 n.1 (9th Cir. 2016) (quoting *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1364 (9th Cir. 1981)), that was not the case here. In Plumb's timely appeal, he affirmatively represented in his reply brief that he was "not appealing the propriety of the jury instructions at this time." Plumb first challenged the jury instructions in this appeal. His other contention in this appeal, that he was denied a fair trial due to allegedly biased statements by the district court, was not raised below. Orr had no notice of the issue while briefing Plumb's timely appeal.

The usual rule is that arguments raised for the first time on appeal or omitted from the opening brief are deemed forfeited. *E.g.*, *Butler v. Curry*, 528 F.3d 624, 642 (9th Cir.

2008).   There is no reason to depart from that rule here, which would in effect waive a jurisdictional bar.

## III.

Judgment on the special verdict was constructively entered 150 days after the special verdict was entered on the docket.   Because Plumb appealed the judgment on the special verdict more than 30 days after its entry, his appeal is untimely.   Therefore, we lack jurisdiction to reach its merits.

**DISMISSED.**

RAWLINSON, Circuit Judge, dissenting:

I respectfully dissent from my colleagues' conclusion that Plumb's appeal of the jury's special verdict was untimely.   Unfortunately, Plumb's "untimely" appeal was the result of a procedural morass not of Plumb's making, and should not result in the loss of his right to appeal.

A chronology of the pertinent proceedings provides context for my analysis.   On July 8, 2015, the district court denied Plumb's motion filed pursuant to Rule 50(b) of the Federal Rules of Civil Procedure.   On July 27, 2015, Plumb filed a notice of appeal from the district court's denial of his Rule 50(b) motion.   On December 22, 2015, the district court entered its order awarding Orr attorneys' fees and costs.   On January 4, 2016, Plum filed a notice of appeal of the jury's special verdict.   Almost thirty days subsequent to the filing of Plumb's notice of appeal, the district court belatedly entered final judgment "in accordance with the [special] jury verdict rendered 6/17/2015."

Pursuant to Rule 58 of the Federal Rules of Civil Procedure:

> Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion . . . for judgment under Rule 50(b) . . .

Fed. R. Civ. P. 58(a)(1). Consequently, the court was not required to separately enter judgment for its order denying Plumb's motion filed pursuant to Rule 50(b). However, the same is not true as to the special verdict. Addressing that "form of judgment," Rule 58 provides in pertinent part:

> [T]he *court* must *promptly* approve the form of the judgment, which the clerk must promptly enter, when . . . (A) the jury returns a special verdict with answers to written questions . . .

Fed. R. Civ. P. 58(b)(2) (emphases added).

This provision is in stark contrast to Rule 58(b)(1), which provides in relevant part:

> [T]he clerk must, *without awaiting the court's direction*, promptly prepare, sign, and enter the judgment when . . . (A) the jury returns a general verdict . . .

Fed. R. Civ. P. 58(b)(1) (emphasis added).

Thus, the federal rules direct the clerk to promptly enter judgment without any action on the part of the court if a general verdict is rendered. *See* Fed. R. Civ. P. 58(b)(1). In

contrast, if a special verdict is rendered, the clerk may enter "the form of judgment" only after approval by the court. Fed. R. Civ. P. 58(b)(2). The heading for Rule 58(b)(2) says it all: "**Court's Approval Required.**" Fed. R. Civ. P. 58(b)(2).

It is undisputed that a special verdict was rendered in this case on June 17, 2015. It is also undisputed that the district court failed to promptly approve the special verdict form, belatedly approving the special verdict form on February 1, 2016, after Padgett filed two notices of appeal, including one challenging the special verdict.[1]

Although Padgett's notice of appeal was filed prior to the district court's approval of the special verdict, the majority nevertheless concludes that Padgett's appeal was untimely. *See Majority Opinion*, p. 15. To reach this result, the majority maintains that judgment on the jury special verdict was "*constructively entered.*" *Majority Opinion*, p. 11 (emphasis added). However, the rule governing special verdicts makes no allowance for the "constructive" entry of judgment. Rather, the rule imposes an affirmative requirement on the judge to approve the special verdict before it is filed. *See* Fed. R. Civ. P. 58(b)(2).

Interestingly, the majority seeks to subtly shift the blame to Plumb by suggesting that he could have "requested that judgment be set out in a separate document." *Majority Opinion*, p. 16 (quoting Fed. R. Civ. P. 58(d)). There are two problems with the majority's suggestion: 1) compliance

---

[1] This interpretation of the facts gives the district court the benefit of the doubt. If, as the majority notes, the district court judge was required to sign the judgment, Rule 58(b)(2) is yet unsatisfied. *See Majority Opinion*, p. 15.

with Rule 58(d) does not eliminate the court's failure to comply with Rule 58(b)(2), and 2) it should not be the responsibility of a party to remind the court to adhere to the rules.

The majority's reliance on the Fifth Circuit's opinion in *Burnley v. City of San Antonio*, 470 F.3d 189 (5th Cir. 2006) is misplaced in my view. In its analysis, the Fifth Circuit completely ignored the language of Federal Rule of Civil Procedure 58(b)(2), which explicitly references a special verdict and relied instead on the language of Rule 58(b)(1), which addresses only general verdicts. *See id*. at 195. This faulty analysis is singularly unpersuasive and encourages noncompliance with the procedural rules. In the twelve years since this case was decided, no other circuit has adopted this wayward analysis of Rule 58, which completely reads Rule 58(b)(2) out of the procedural rules.

Because the district court failed to approve the special verdict form before Plumb filed his notice of appeal, the appeal was timely.[2] We should decide Plumb's appeal of the special verdict on the merits.

---

[2]    As the majority noted, "[t]here's no penalty for filing a premature notice of appeal." *Majority Opinion*, p. 16.