**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CMB DEVELOPERS, INC., a California corporation,<br><br>          Plaintiff-Appellant,<br><br>v.<br><br>ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC.; et al.,<br><br>          Defendants-Appellees. | No.   21-55844<br><br>D.C. No.<br>2:19-cv-09973-SVW-RAO<br><br><br>MEMORANDUM[*] |
| CMB DEVELOPERS, INC., a California corporation,<br><br>          Plaintiff-Appellee,<br><br>v.<br><br>ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC.; et al.,<br><br>          Defendants-Appellants. | No.   21-55907<br><br>D.C. No.<br>2:19-cv-09973-SVW-RAO |

---

       [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted November 15, 2022
Pasadena, California

Before: NGUYEN and H.A. THOMAS, Circuit Judges, and FITZWATER,[**] District Judge.

In this suit involving a coverage dispute under a commercial general liability policy and related claims, Plaintiff-Appellant CMB Developers, Inc. ("CMB") appeals the district court's grant of summary judgment in favor of Defendants-Appellees Associated Industries Insurance Company, Inc., Amtrust Financial Services, Inc., and Amtrust North America, Inc. (collectively, "AIIC"). AIIC cross-appeals the district court's grant of summary judgment in favor of CMB on the issue of duty to defend. We have jurisdiction under 28 U.S.C. § 1291,[1] and we affirm.

We review a grant of summary judgment de novo. *E.g.*, *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020).

---

[**] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

[1] The district court did not enter final judgments granting the summary judgment motions. But under Federal Rule of Civil Procedure 58(c), final judgments were constructively entered 150 days after entry of the summary judgment orders. *See* Fed. R. Civ. P. 58(c)(2); *Orr v. Plumb*, 884 F.3d 923, 928 (9th Cir. 2018). Although the notices of appeal were filed before the dates the judgments were constructively entered, each notice of appeal is treated under Federal Rule of Appellate Procedure 4(a)(2) as filed on the day the corresponding judgment was entered.

1. The district court did not err in holding that AIIC had no duty to indemnify CMB in the homeowner's lawsuit (the "Underlying Action"). Under the terms of the insurance policy's "Exclusion — Designated Construction or Contractor Operations" ("Designated Operations Exclusion"), the property damage caused by the interior fire sprinkler system "ar[ose] out of" CMB's installation of a fire suppression system. *Acceptance Ins. Co. v. Syufy Enters.*, 69 Cal. App. 4th 321, 328 (Ct. App. 1999); *Medill v. Westport Ins. Corp.*, 143 Cal. App. 4th 819, 830 (Ct. App. 2006). CMB argues that the property damage resulted from its subcontractor Radix's deficient design, rather than negligent installation, of the fire sprinkler system, such that the Designated Operations Exclusion would not apply. But the district court correctly held that the choice of which sprinkler to install in a particular location fell within the ordinary meaning of the word "installation." And even if the choice were viewed as a matter of design, another exclusion, "Exclusion — Total Professional Services," would alternatively apply. Accordingly, we affirm the grant of summary judgement to AIIC on the duty to indemnify.

2. The district court did not err in holding that AIIC had a duty to defend CMB in the Underlying Action. Throughout the Underlying Action it was unknown why the fire suppression system had activated absent a fire. Therefore, throughout the Underlying Action, there existed a potential for indemnity under the policy. *Horace*

3

*Mann Ins. Co. v. Barbara B.*, 846 P.2d 792, 795–96 (Cal. 1993).

3. The district court did not err in granting summary judgment in favor of AIIC on CMB's bad faith claim. AIIC's delay in undertaking the duty to defend CMB was based on a genuine dispute about whether coverage was excluded under the Designated Operations Exclusion. *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 335, 346–47 (Ct. App. 2001). AIIC's position that coverage may have been excluded was reasonable. *Morris v. Paul Revere Life Ins. Co.*, 109 Cal. App. 4th 966, 973 (Ct. App. 2003).

CMB also argues that AIIC committed bad faith by refusing to appoint *Cumis* counsel.[1] But there is no evidence showing that "counsel selected and controlled by the insurer could determine the outcome" of the coverage issue: what caused the fire suppression system to activate. *Long v. Century Indem. Co.*, 163 Cal. App. 4th 1460, 1470–71 (2008); Cal. Civ. Code § 2860(b). As evidence of a conflict requiring the appointment of independent counsel, CMB points only to an email from CMB's counsel criticizing the AIIC-appointed counsel's use of the term "installation" instead of "selection" in a court filing in referring to the cause of the sprinkler activation. CMB speculates that counsel's use of the term "installation" was an attempt to place

---

[1] *See generally San Diego Fed. Credit Union v. Cumis Ins. Soc'y*, 162 Cal. App. 3d 358 (Ct. App. 1984).

the cause of damage within the Designated Operations Exclusion. Beyond speculation, however, CMB identifies no decision of insurer-provided counsel in the Underlying Action that would have affected the coverage dispute. Even if the cause of damage was unknown at the time the Underlying Action was filed, there is no record evidence that the insurer-appointed counsel "had the ability to transfer liability from the covered claims to [any] uncovered ones." *Gulf Ins. Co. v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*, 79 Cal. App. 4th 114, 132 (2000).

4. The district court did not err in granting summary judgment to AIIC on CMB's cause of action under California Business & Professions Code § 17200. As explained above, there is no record evidence to support CMB's proposition that AIIC was required to appoint *Cumis* counsel. Neither does the evidence on the record indicate that AIIC otherwise engaged in any unlawful, unfair, or fraudulent practice, as prohibited by California law. *See Rubio v. Cap. One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010).

5. Finally, the district court did not err in granting summary judgment on CMB's punitive damages claim given the absence of record evidence that AIIC acted with evil motive or intent. *Henderson v. Sec. Nat'l Bank*, 72 Cal. App. 3d 764, 771–72 (Ct. App. 1977).

**AFFIRMED**.

5