**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANAND JON ALEXANDER, | No. 22-55223 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-00100-CAB-KSC |
| v. | |
| RALPH DIAZ, Secretary of CDCR; MARCUS POLLARD, Warden, Richard J. Donovan Correctional Facility; DANIEL PARAMO, Warden, Richard J. Donovan Correctional Facility; CORRECTIONAL OFFICER E. RAMIREZ; PATRICK COVELLO; KARL E. GRETHER; COREY CROSS; LINDSEY GERVASONI; GABRIEL MECHACA; DOES 1–70, inclusive and jointly and severally, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted April 19, 2023
Pasadena, California

Before: WARDLAW and KOH, Circuit Judges, and MCMAHON,** District

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Colleen McMahon, United States District Judge for the Southern District of New York, sitting by designation.

Judge.

Anand Jon Alexander ("Alexander") appeals the district court's grant of defendants' motion for summary judgment on his 42 U.S.C. § 1983 suit for an alleged Eighth Amendment violation and his state law negligence claim.[1]  We have jurisdiction under 28 U.S.C. § 1291.  We partially affirm and partially reverse.[2]

We review a district court's grant of summary judgment de novo.  *See Wilk v. Neven*, 956 F.3d 1143, 1147 (9th Cir. 2020).  Summary judgment is appropriate only if "there is no genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a). "An issue of material fact is genuine 'if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party.'"  *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (quoting *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)).  When evaluating the evidence, "all justifiable inferences are to be drawn" in favor of the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

1.  Alexander alleges that the defendants violated his Eighth Amendment rights by failing to protect him from a fellow inmate, Dominic Rizzo ("Rizzo"), who stabbed him in the face and left him with severe injuries in May 2019.  "To

---

[1] The district court also granted summary judgment on Alexander's § 1983 supervisory liability claim.  Alexander does not appeal that portion of the decision.

[2] Because the parties are familiar with the facts, we include them only as necessary to resolve the appeal.

prove a violation of the Eighth Amendment, a plaintiff must show that the defendant: (1) exposed her to a substantial risk of serious harm; and (2) was deliberately indifferent to her constitutional rights." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837, 842 (1994)). To prove deliberate indifference, "the inmate must show that prison officials 'knew of and disregarded' the substantial risk of harm." *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (quoting *Farmer*, 511 U.S. at 837) (cleaned up).

The district court did not err in granting summary judgment to defendant Patrick Covello ("Covello"), the then-acting warden of the prison where Alexander was attacked. Alexander points to no evidence that would allow a reasonable jury to conclude Covello actually knew of and disregarded a substantial risk of serious harm to him. *See Harrington v. Scribner*, 785 F.3d 1299, 1304 (9th Cir. 2015) ("Constructive notice does not suffice to prove the requisite knowledge . . . .")

The district court did err, though, in granting summary judgment to the remaining defendants, Corey Cross ("Cross"), Karl E. Gerther ("Gerther"), Lindsey Gervasoni ("Gervasoni"), and Gabriel Menchaca ("Menchaca"). All four played a role in the decision to transfer Rizzo to Alexander's yard.

Based on the evidence in the record, a reasonable jury could conclude that, at the time of his transfer, Rizzo posed a substantial risk of serious harm to sex

3

offenders, a group which includes Alexander. In November 2003, Rizzo stabbed a convicted sex offender in the face with an "inmate manufactured weapon." Rizzo explained that he committed the assault because he "heard the victim . . . was a child molester." In October 2014, officers discovered a nine-inch-long and one-inch wide "inmate manufactured weapon" with a sharpened point in Rizzo's cell. A confidential informant told prison officials that Rizzo and his cellmate "planned on stabbing a child molester or drug dealer" with the weapon. Although the record also contains evidence that shows Rizzo was able to live peaceably alongside sex offenders for some time during his incarceration, "[t]he objective question of whether a prison officer's actions have exposed an inmate to a substantial risk of serious harm is a question of fact," so it "must be decided by a jury if there is any room for doubt." *Lemire*, 726 F.3d at 1075–76. The evidence here leaves "room for doubt" about whether the risk Rizzo posed to sex offenders like Alexander was substantial. As such, the question should be decided by a jury.

A reasonable jury could also conclude that the four remaining defendants knew of and disregarded the risk that Alexander faced from Rizzo. As part of their decision to transfer Rizzo to Alexander's prison, the defendants reviewed Rizzo's behavioral history, including his past actions involving sex offenders, and chose to still approve a "behavioral override" that allowed Rizzo to transfer to a lower security prison than his placement score would normally allow. There is sufficient

4

circumstantial evidence of deliberate indifference to survive summary judgment. *See Harrington*, 785 F.3d at 1304 ("[W]hether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." (quoting *Farmer*, 511 U.S. at 841–42)).

2. We decline to address defendants' claim to qualified immunity in the first instance. *See Cortez v. Skol*, 776 F.3d 1046, 1053 n.7 (9th Cir. 2015).

3. The district court partially erred in granted defendants summary judgment on Alexander's negligence claim. California recognizes that "jailers owe [incarcerated people] a duty of care to protect them from foreseeable harm," including from other incarcerated people. *Giraldo v. Dep't of Corr. & Rehab*, 85 Cal. Rptr. 3d 371, 387 (Cal. Ct. App. 2008). Given the risk that Rizzo posed to sex offenders, the district court erred in finding that the harm Alexander suffered was not foreseeable to Cross, Gerther, Gervasoni, and Menchaca.[3]

**AFFIRMED in part, REVERSED in part, and REMANDED.[4]**

---

[3] Alexander does not challenge the district court's grant of summary judgment to Covello on the negligence claim in either his Opening Brief or his Reply. He has, therefore, forfeited that claim. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018).

[4] The parties shall bear their own costs on appeal.