NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THE ESTATE OF BISHAR ALI
HASSAN; AHMED HASSAN; BILAY
ADEN IDIRIS,

Plaintiffs-Appellants,

v.

MUNICIPALITY AND CITY OF
ANCHORAGE; MATTHEW HALL;
NATHAN LEWIS; BRETT EGGIMAN;
DOES 1-20, inclusive,

Defendants-Appellees.

No. 23-35466

D.C. No. 3:21-cv-00076-SLG

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Submitted May 20, 2024[**]
Anchorage, Alaska

Before: BYBEE, FRIEDLAND, and MILLER, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The Estate of Bishar Hassan (Hassan), Hassan's brother Ahmed, and Hassan's mother Bilay Aden Idiris (collectively, Plaintiffs-Appellants) appeal a grant of summary judgment in favor of three Anchorage Police Department officers and the Municipality and City of Anchorage (Defendants-Appellees) in a § 1983 case involving the lethal use of force. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024), we affirm.

1. Plaintiffs-Appellants have failed to identify disputed material facts that would permit a reasonable jury to conclude that Hassan was unconstitutionally seized before the officers' use of lethal force.[1] Because the officers did not use physical force before discharging their firearms, Hassan needed to have submitted to the officers' authority to be "seized" within the meaning of the Fourth Amendment. *See Brendlin v. California*, 551 U.S. 249, 254 (2007); *United States v. McClendon*, 713 F.3d 1211, 1215 (9th Cir. 2013). Far from submitting, however, Hassan disregarded the officers' instructions and continued approaching, pulling his firearm from his waistband. Any brief verbal exchange between Hassan and the officers does not convert the encounter to a seizure, nor does it matter that Hassan was walking toward, rather than away from, the officers. *See United States v. Smith*, 633 F.3d 889, 893 (9th Cir. 2011).

---

[1] Plaintiffs-Appellants do not offer any argument challenging the constitutionality of the use of lethal force itself.

2. The district court did not err in relying on the compilation of still frames in granting summary judgment. The still frames are consistent with the video recordings of the event, so Plaintiffs-Appellants have not identified a genuine dispute of material fact. *See Hernandez v. Town of Gilbert*, 989 F.3d 739, 743 (9th Cir. 2021). The best evidence rule, *see* Fed. R. Evid. 1002, has no role to play here because copies of the original video recordings were presented to the district court, *see United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004). Finally, even if Plaintiffs-Appellants could provide evidence supporting their assertion that Hassan attempted to inform the officers that his firearm was fake, that evidence would not affect any evaluation of whether the officers' use of lethal force was reasonable under the circumstances. *See Est. of Strickland v. Nevada County*, 69 F.4th 614, 620–23 (9th Cir. 2023) (concluding that law enforcement permissibly used lethal force against a person who pointed a BB gun in the direction of the officers).

3. We decline to consider Plaintiffs-Appellants' claim that Ahmed Hassan's Fourth Amendment rights were violated. Plaintiffs-Appellants' complaint did not plead a Fourth Amendment claim as to Ahmed Hassan. Their claim is thus forfeited. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018).

4. The district court also properly rejected Plaintiffs-Appellants' *Monell* claim. On appeal, Plaintiffs-Appellants acknowledge that their *Monell* claim turns

3

on their ability to overcome summary judgment on the Fourth Amendment seizure claim.  Because they have failed to do so, their *Monell* claim fails.

**AFFIRMED.**