NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YESENIA ISABEL BENITEZ; ALEJANDRO HIDALGO ISABEL; JOSE ALFREDO HIDALGO ISABEL; MARLENE HIDALGO ISABEL, Petitioners, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 23-1839 Agency Nos. A215-816-120 A215-816-121 A215-816-122 A215-816-123 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2024**
San Jose, California

Before: GRABER, FRIEDLAND, and BUMATAY, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioners Yesenia Isabel Benitez and her minor children,[1] natives and citizens of Mexico, petition for review of a decision by the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ's") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review legal conclusions de novo and factual findings for substantial evidence, *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc), and deny the petition.

The BIA affirmed the IJ's denial of Petitioners' applications for asylum and withholding of removal because Petitioners both (1) failed to define with particularity a cognizable social group of which they were members, and (2) failed to establish any nexus between any protected ground and the past harm that they and their family suffered or the future persecution that they feared. Although Petitioners now argue that the BIA erred in holding that their proposed social group was not cognizable, Petitioners do not challenge the BIA's lack-of-nexus conclusion. "For both asylum and withholding claims, a petitioner must prove a causal nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm." *Rodriguez-Zuniga v.*

---

[1] Although the minor children filed their own applications for asylum and related relief, they do not assert grounds for relief separate from those asserted by their mother.

*Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023).  Because Petitioners have forfeited any argument that they established a nexus, we must deny the petition as to the claims concerning asylum and withholding of removal.  *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("The usual rule is that arguments . . . omitted from the opening brief are deemed forfeited.").

The BIA also appropriately concluded that Petitioners' CAT claim failed. To demonstrate eligibility for CAT protection, an applicant must establish a "*particularized* and *non-speculative* risk" of future torture.  *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023).  Here, the BIA concluded that Petitioners had established only that they generally fear dangerous conditions in Mexico, not that they face any risk particular to them.  Petitioners' opening brief asserts that Isabel Benitez's credible testimony establishes that Petitioners are entitled to CAT relief, but beyond that bald assertion, they do not identify any error in the BIA's analysis of their CAT claim.

**PETITION DENIED**.