NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MUHAMMAD ADOM,

Plaintiff-Appellant,

v.

CITY OF LOS ANGELES; BRYAN
TAHUITE, LAPD Officer,

Defendants-Appellees.

No.    23-55558

D.C. No.
5:21-cv-00711-JFW-KES

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted January 14, 2025[**]

Before:  O'SCANNLAIN, KLEINFELD, and SILVERMAN, Circuit Judges

Muhammad Adom appeals pro se from the district court's summary judgment in his action under 42 U.S.C. § 1983 and state law arising from a traffic stop, the search of his car, and his arrest for a suspected violation of California Penal Code § 25400(a)(1), which prohibits carrying a concealed firearm in a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

vehicle. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Smith v. Agdeppa*, 81 F.4th 994, 1001 (9th Cir. 2023). We affirm.

The district court properly granted summary judgment on Adom's Fourth Amendment claims against Officer Tahuite premised on the search of an unlocked gun box, the car's center console, and the rest of the car because Adom failed to raise a triable dispute as to whether any part of the search was unlawful. *See Michigan v. Long*, 463 U.S. 1032, 1049 (1983) ("[T]he search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons." (citation and footnote omitted)); *United States v. Taylor*, 60 F.4th 1233, 1242-43 (9th Cir. 2023) (explaining that police may search a car without a warrant when they are given "voluntary, unequivocal, and specific consent" (citations and internal quotation marks omitted)); *United States v. Brooks*, 610 F.3d 1186, 1193 (9th Cir. 2010) ("Under the automobile exception to the warrant requirement, police may conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains evidence of a crime.").

The district court properly granted summary judgment on Adom's Fourth

Amendment claim against Officer Tahuite premised on the order to exit the car because Adom failed to raise a triable dispute as to whether the order was unlawful. *See Taylor*, 60 F.4th at 1240 ("[P]olice officers during a traffic stop may ask the driver to step out of the vehicle. The rationale is officer safety[.]" (citation omitted)).

The district court properly granted summary judgment on Adom's Fourth Amendment claim against Officer Tahuite alleging excessive force because the video evidence contradicts Adom's contentions regarding this claim. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."); *Bryan v. MacPherson*, 630 F.3d 805, 823-24 (9th Cir. 2010) (describing requirements of an excessive force claim).

The district court properly granted summary judgment on Adom's Fourth Amendment claim against Officer Tahuite premised on Adom's arrest because he failed to raise a triable dispute as to the absence of probable cause. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."). The district court also properly rejected Adom's contention that Officer Tahuite

3

arrested him when he handcuffed him during the investigatory stop. *See Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir. 1995) (explaining that "whether a seizure has ripened into a full-scale arrest" depends on the totality of the circumstances, and that officers are entitled to take reasonable measures to protect themselves during an investigatory stop).

The district court properly granted summary judgment on Adom's equal protection claims against Officer Tahuite and the City of Los Angeles because Adom failed to raise a triable dispute as to whether defendants acted with an intent to discriminate based on his race. *See Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (explaining that municipal liability claims under § 1983 require a plaintiff to show an underlying constitutional violation); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (explaining that an equal protection claim requires showing that defendants acted with an intent or purpose to discriminate against plaintiff based on membership in a protected class).

The district court properly granted summary judgment on Adom's claim against Officer Tahuite alleging intentional infliction of emotional distress ("IIED") because Officer Tahuite is entitled to state-law immunity for his statements in the police report, and even if he were not, Adom failed to raise a triable dispute as to whether any alleged conduct was extreme or outrageous. *See* Cal. Gov't Code § 822.2 ("A public employee acting in the scope of his

employment is not liable for an injury caused by his misrepresentation, whether or not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud, corruption or actual malice."); *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (describing requirements of an IIED claim under California law).

We do not address issues not raised and argued in the opening brief. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) (explaining that arguments omitted from the opening brief are deemed forfeited).

**AFFIRMED.**