NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 1 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANCISCO ALVARADO-ROMERO,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 25-1827

Agency No.
A200-948-111

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2026**
Pasadena, California

Before: PAEZ, CALLAHAN, and BUMATAY, Circuit Judges.

Francisco Alvarado-Romero ("Alvarado-Romero" or "Petitioner"), a citizen

and native of Mexico, petitions for review of the decision of the Board of

Immigration Appeals ("BIA") dismissing his appeal of the Immigration Judge's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("IJ") denial of his applications for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and cancellation of removal. We have jurisdiction to review the petition pursuant to 8 U.S.C. § 1252(a)(1). We deny the petition.

**1.** Petitioner forfeited review of his asylum claim by failing to challenge the agency's dispositive determination that his application was untimely. 8 U.S.C. § 1158(a)(2)(B), (D); *Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018). Therefore, we deny the petition for review as to Petitioner's asylum claim.

**2.** Petitioner forfeited review of his withholding of removal claim. First, he does not argue the agency erred in determining that the imputed particular social group ("PSG") of "returning Mexicans from the United States" lacked social distinction and particularity or that he failed to identify a political opinion. Second, he forfeited review of the cognizability of the proposed PSG of "Mexicans who want to live in peace without violence" by failing to "specifically and distinctly" challenge the agency's determination that the proposed PSG lacked social distinction and particularity. *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986); *Maldonado v. Morales*, 556 F.3d 1037, 1048 n.4 (9th Cir. 2009) (citation omitted) (explaining that arguments "made in passing and inadequately briefed" are forfeited). Therefore, we deny the petition for review as to Petitioner's withholding of removal claim.

**3.** Petitioner also forfeited review of his CAT claim by failing to challenge the agency's dispositive determinations that he failed to establish a particularized, non-speculative threat of torture in Mexico or that the government would acquiesce in such torture. Therefore, we deny the petition for review as to Petitioner's CAT claim.

**4.** We deny the petition for review of Alvarado-Romero's cancellation of removal claim. First, the agency did not commit legal error. The BIA properly considered that Alvarado-Romero would be "physically separated" from his children in evaluating whether the harm would amount to "exceptional and extremely unusual hardship[.]" 8 U.S.C. § 1229b(b)(1)(D). Second, substantial evidence supports the BIA's determination that Alvarado-Romero did not establish his children "would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an [applicant] with close family members." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006 (9th Cir. 2025) (quoting *Matter of Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001)). While there is evidence that Alvarado-Romero's removal would cause his children hardship, the record does not "compel the conclusion that the [exceptional and extremely unusual] hardship standard is met." *Id.* at 1007–08.

**PETITION DENIED.**[1]

---

[1]     The motion to stay removal, Dkt. 3, is denied.  The temporary stay of removal shall remain in place until the mandate issues.