**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 16 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BASRA D. MOHAMED,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>FULL LIFE CARE; TRANSFORMING AGE,<br><br>　　　　Defendants - Appellees. | No. 24-6768<br><br>D.C. No.<br>2:22-cv-01010-KKE<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Kymberly K. Evanson, District Judge, Presiding

Submitted May 29, 2026[**]

Before: BUMATAY, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Plaintiff Basra Mohamed appeals the district court's grant of summary

judgment in favor of Defendants Full Life Care and its parent company

Transforming Age on her religious accommodation and retaliation claims under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Title VII of the Civil Rights Act of 1964. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's summary judgment decision de novo, *Maner v. Dignity Health*, 9 F.4th 1114, 1119 (9th Cir. 2021), we affirm.

1. "Title VII . . . requires employers to accommodate the religious practice of their employees unless doing so would impose an 'undue hardship on the conduct of the employer's business.'" *Groff v. DeJoy*, 600 U.S. 447, 453–54 (2023) (quoting 42 U.S.C. § 2000e(j)). "'[U]ndue hardship' is shown when a burden is substantial in the overall context of an employer's business." *Id.* at 468. Courts must "take[] into account all relevant factors in the case at hand, including the particular accommodations at issue and their practical impact in light of the nature, 'size and operating cost of [an] employer.'" *Id.* at 470–71 (citation omitted).

Unrebutted evidence shows that Full Life Care could not reasonably accommodate Mohamed's request for religious exemption from the COVID-19 vaccine requirement without undue hardship, because her role requires essential in-person contact with vulnerable populations. Mohamed worked as a mental health services coordinator at Full Life Care to serve Seattle Housing Authority residents, 58% of whom are over the age of 62 and 77% are disabled. Mohamed's job description listed the "essential functions" of her role as including "conduct[ing] on-site client needs assessments," "hav[ing] reliable transportation" to "complete

regular outreaches," "maintain[ing] a safe and healthy environment," and "adher[ing] to infection control protocols." It also required that the employee "[m]ust be able to lift 25 lbs. and support clients' mobility." Mohamed's skip-level manager declared that a mental health services coordinator typically performs multiple visits per day to residents' homes, which often have "small living quarters," in order to "assess each resident's living situation" and make referrals for residents experiencing mental health challenges such as "hoarding, sanitation, pest remediation, food insecurity, security concerns, digital equity, or even dementia or early-stage memory loss." Transforming Age considered whether Mohamed could conduct client needs assessments remotely, but concluded that "doing so would leave out essential information, such as concerns about hoarding," and allowing fully remote work "would assume that the [Seattle Housing Authority] residents had consistent access to phone and Internet services, which was not true for many of those residents." It further concluded that other potential accommodations could not "fully account for the risk of exposing residents or employees to COVID-19." In addition, Seattle Housing Authority "had indicated it would soon require all contractors working with [its] residents to be vaccinated."

At the time of Mohamed's religious accommodation request, Full Life Care had only one other mental health services coordinator, already at a full workload, and there were no open positions for which Mohamed was qualified. Mohamed

submitted no evidence in opposition to summary judgment and failed to rebut Defendants' demonstration of undue hardship. Accordingly, the district court correctly held there is no genuine dispute of material fact that accommodating Mohamed's request for religious exemption from the vaccine policy would impose an undue hardship on the conduct of Full Life Care's business.

2. The district court also granted summary judgment on Mohamed's retaliation claim. Mohamed does not discuss that claim on appeal, so any challenge is forfeited. *Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("The usual rule is that arguments raised for the first time on appeal or omitted from the opening brief are deemed forfeited.").[1]

**AFFIRMED.**[2]

---

[1] We also reject various other arguments in Mohamed's brief, many of which are raised for the first time on appeal.

[2] Defendants' motion to dismiss is denied as moot.