NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 4 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS ARROYO-TELLES,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-194<br><br>Agency No.<br>A027-589-424<br><br>MEMORANDUM* |
| LUIS ARROYO-TELLES,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-690<br><br>Agency No.<br>A027-589-424 |

On Petition for Review of an Order of the
Immigration Court

Submitted April 2, 2024**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Phoenix, Arizona

Before: CLIFTON, BYBEE, and BADE, Circuit Judges.

Luis Arroyo-Tellez (Arroyo), a native and citizen of Mexico, petitions for review of a reinstatement of a final order of removal issued by an Immigration Judge (IJ), in which the IJ concurred with the negative reasonable fear determination made by the Department of Homeland Security (in No. 23-194). Arroyo also petitions for review of the IJ's denial of a motion to reopen (in No. 23-690). We review an IJ's factual findings for substantial evidence, *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016), and questions of law and due process de novo, *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We have jurisdiction to review the IJ's negative reasonable fear determination under 8 U.S.C. § 1252, and we deny the petitions.

1. Although Arroyo filed a petition for review of the IJ's denial of his motion to reopen, his opening brief failed to make any arguments challenging that denial. Because he failed to contest this decision in his opening brief, this issue is forfeited. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("[A]rguments . . . omitted from the opening brief are deemed forfeited.").

2. Substantial evidence supports the IJ's negative reasonable fear determination. To avoid reinstatement of a removal order, an alien must show a "reasonable fear of persecution or torture," which requires "establish[ing] a

reasonable possibility that he or she would be persecuted on account of his or her race, religion, nationality, membership in a particular social group or political opinion, or a reasonable possibility that he or she would be tortured in the country of removal." 8 C.F.R. § 208.31(c).

Although Arroyo indicated that gangs had previously threatened him, and expressed a fear that they might threaten him again in the future, substantial evidence supports the IJ's determination that Arroyo was not targeted on account of a protected ground. *See Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018) (holding that substantial evidence supported IJ's denial of withholding of removal when gangs targeted petitioner "because they perceived him to have money," not "based on a protected ground"). Arroyo alleges that he was targeted because he was in the "particular social group [of Mexican nationals who are] physically and culturally assimilated in American culture." Even assuming this is a cognizable particular social group, Arroyo has not demonstrated how he was targeted, or would be targeted, on this basis, as opposed to being targeted by criminals motivated by money. Because a mere desire to be free from a criminal's threats motivated by theft bears no nexus to a protected ground, the IJ's determination is supported by substantial evidence. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Substantial evidence also supports the IJ's finding that Arroyo failed to establish a reasonable possibility of torture by or with the acquiescence of the Mexican government. Some of the record supports that the Mexican government has difficulty protecting its citizens from the cartels. But evidence that a government "has been generally ineffective in preventing or investigating criminal activities [alone does not] raise an inference that public officials are likely to acquiesce in torture." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). And, although Arroyo stated that friends told him that the police would not get involved, his friends had no personal experience with the police. Arroyo also never personally "had any problems with the police or any public official." Therefore, there is insufficient evidence to compel the conclusion that the police acquiesced, or would acquiesce in the future, to gang members torturing Arroyo. *See id*; *Andrade-Garcia*, 828 F.3d at 836.

**PETITIONS DENIED.**