**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 10 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SOILA MARIBEL ROMERO CHAVEZ, | No. 23-577 |
| Petitioner, | Agency No. A241-900-138 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Immigration Court

Submitted June 5, 2024[**]
Pasadena, California

Before: M. SMITH and BADE, Circuit Judges, and FITZWATER, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Soila Maribel Romero Chavez, a native and citizen of Guatemala, petitions for review of the reinstatement of a final order of removal issued by an Immigration Judge (IJ), in which the IJ concurred with the negative reasonable fear determination made by the Department of Homeland Security. We review an IJ's factual findings for substantial evidence, *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016), and questions of law and due process de novo, *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014).

To avoid reinstatement of a removal order, an alien must show a "reasonable fear of persecution or torture," which requires "establish[ing] a reasonable possibility that he or she would be persecuted on account of his or her race, religion, nationality, membership in a particular social group or political opinion, or a reasonable possibility that he or she would be tortured in the country of removal." 8 C.F.R. § 208.31(c). We have jurisdiction to review the IJ's negative reasonable fear determination under 8 U.S.C. § 1252, and we deny the petition. *See Ayala v. Sessions*, 855 F.3d 1012, 1018 (9th Cir. 2017) (concluding that the court has jurisdiction to review an IJ's reasonable fear determination arising under the reinstatement of an expedited removal order).

1. A petitioner who omits arguments from her opening brief forfeits those arguments. *Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018). Romero Chavez forfeited her challenge to the IJ's finding that she lacked a reasonable fear of

persecution. Before the agency, Romero Chavez claimed that she feared persecution because she was raped by an unknown assailant in Guatemala. The IJ concluded that there was no nexus between the rape and any protected grounds, relying on Romero Chavez's statements that she did not know who the rapist was or why she was targeted. Romero Chavez does not challenge the IJ's nexus determination, but instead argues that she established a cognizable particular social group, specifically "Guatemalan women." But the IJ did not reach the question of whether Romero Chavez was a member of a cognizable social group and did not determine that a social group of "Guatemalan women" is not cognizable. Because Romero Chavez fails to challenge the IJ's "stated grounds for [his] decision," she has "forfeited any challenge" to the IJ's finding that she lacked a reasonable fear of persecution. *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1146 (9th Cir. 2024).

2. A petitioner is required to exhaust arguments to the agency, although exhaustion is a claims-processing rule that can be waived. *Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023). Romero Chavez failed to make a translation-related due process argument in front of the agency, and the government did not waive or forfeit the exhaustion requirement. Therefore, because Romero Chavez did not present this argument before the agency, we do not consider it. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) ("Because . . . [the

petitioner] failed to exhaust [his argument] as required under 8 U.S.C. § 1252(d)(1), we deny this portion of the petition.").

3. Substantial evidence supports the IJ's finding that Romero Chavez did not have a reasonable fear of torture under the Convention Against Torture. To prove a reasonable fear of torture, an alien must demonstrate that past torture was, or future torture would be, "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Andrade-Garcia*, 828 F.3d at 836 (quotation marks omitted). For a public official to acquiesce in torture, the public official must be aware of the activity constituting torture (or consciously disregard such activity) and breach their legal responsibility to intervene. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). Romero Chavez agreed that she never told the police about being raped or beaten. Thus, even assuming the rape or beatings constituted torture, public officials unaware of these activities could not have acquiesced to them.[1] *See id.*

**PETITION DENIED.**

---

[1] The temporary stay of removal will continue until the issuance of the mandate. The motion for a stay of removal (Dkt. 3) is otherwise denied.