**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES HAYES, individually, | No. 24-193 |
| Plaintiff - Appellant, | DC No. 1:19-cv-01722-CDB |
| v. | MEMORANDUM[*] |
| COUNTY OF KERN; MARIO ROJAS, Deputy; JOCELYN WOLTERS; CONNIE JEFFERIES; RHONDA POWELL BOYLES, Deputy; PATRICK GILBERT KLAWITTER, Deputy; CHRISTOPHER BANKS, Deputy; BRANDY HIRREL, Sheriff Support Technician, | |
| Defendants - Appellees | |

Appeal from the United States District Court
for the Eastern District of California
Christopher Dale Baker, Magistrate Judge, Presiding[**]

Argued and Submitted March 28, 2025
Pasadena, California

Before: TASHIMA, NGUYEN, and MENDOZA, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge MENDOZA.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

1

Charles Hayes appeals the district court's summary judgment in his action under 42 U.S.C. § 1983 alleging violations of his Fourth and Fourteenth Amendment rights arising from defendants' actions in arresting him and extraditing him to California based on a warrant for a different person. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Smith v. Agdeppa*, 81 F.4th 994, 1001 (9th Cir. 2023). We affirm.

1. The district court properly granted summary judgment on Hayes' Fourth Amendment claims because he failed to raise a triable dispute as to whether Deputies Banks and Klawitter lacked probable cause to arrest him based on the facially valid warrant and order of extradition. *See Rivera v. Cnty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) (explaining that where deputies arrest the wrong person under a facially valid warrant, "the question is whether the arresting officers had a good faith, reasonable belief that the arrestee was the subject of the warrant"). Hayes did not show that the physical differences between himself and the suspect described in the warrant undermined probable cause. *See id.* (explaining that "significant differences" between an arrestee and the subject of a warrant may undermine probable cause for purposes of a Fourth Amendment claim). Nor did he show that his assertions of mistaken identity undermined probable cause. *See Rivera*, 745 F.3d at 391–92 ("Unsupported claims of mistaken identity, by themselves, do not trigger a duty to investigate further."). Indeed, on appeal, Hayes "readily" concedes that Klawitter and Banks "had probable cause to

arrest [him] based on the fugitive warrant and extradition order." He possessed an identification card that matched the name, birth date, weight, and race of the person named in a warrant that was upheld and uncontested in two subsequent judicial hearings.

2.     The district court properly granted summary judgment on Hayes' Fourteenth Amendment due process claims because he failed to raise a triable dispute as to whether Deputies Banks, Klawitter, and Rojas and booking clerk Hirrel failed adequately to investigate his identity. *See Garcia v. Cnty. of Riverside*, 817 F.3d 635, 641 (9th Cir. 2016) ("No person deserves to be incarcerated without good reason, and incarceration on a warrant without a reasonable investigation of identity, when the circumstances demand it, is subject to review under the Due Process Clause."); *see also Rivera*, 745 F.3d at 392 ("If a suspect is held according to court order, county officials are not required to investigate whether that court order is proper.").[1]

---

[1]     Even drawing all reasonable inferences in favor of Hayes does not raise a genuine dispute about whether Hirrel had a duty to further investigate Hayes' identity. Hirrel was not a sworn peace officer, but was instead a Sheriff Support Technician or booking clerk. Her role was limited to receiving persons presented by arresting or sworn officers. Hayes does not identify any policy she violated in this capacity. Further, "aliases and false identification are not uncommon "during booking. *Hill v. California*, 401 U.S. 797, 803 (1971). Hirrel processed Hayes' fingerprints and notated his true name as an alias on file, both of which were already linked to an existing electronic custody file. Under these circumstances, no reasonable juror would find that Hirrel had a duty to further investigate Hayes' identity.

**3.** The district court properly granted summary judgment on Hayes' claims against Kern County because he failed to establish the requirements of municipal liability. *See Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (explaining that municipal liability claims under § 1983 require a plaintiff to show, among other things, an underlying constitutional violation and a municipal policy that was the moving force behind that violation).

∙ ● ∙

Because Hayes does not raise on appeal the district court's summary judgment on his claims against Boyles, Wolters, and Jeffries, we do not address them. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) (explaining that arguments omitted from the opening brief are deemed forfeited). We likewise do not address any other issue that Hayes fails to "specifically and distinctly" argue in his opening brief. *See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985).

**AFFIRMED.**

*Hayes v. County of Kern, et al.*, No. 24-193
MENDOZA, Circuit Judge, concurring in part and dissenting in part:

I concur with the majority's affirmance of the district court's summary judgment dismissal of Hayes's claims under 42 U.S.C. § 1983 as to Defendants Banks, Klawitter, Rojas, and the County. I dissent as to Hayes's Fourteenth Amendment claim under Section 1983 against Defendant Hirrel.

A mistaken incarceration may violate the Due Process Clause where "the circumstances indicated to the defendants that further investigation was warranted[.]" *Garcia v. Cnty. of Riverside*, 817 F.3d 635, 640 (9th Cir. 2016) (quoting *Rivera v. Cnty. of Los Angeles*, 745 F.3d 384, 390 (9th Cir. 2014)). This is a jury question. *Rivera*, 745 F.3d at 390 (citing *Fairley v. Luman*, 281 F.3d 913, 915–18 (9th Cir. 2002)). In this case, a reasonable jury may readily conclude that the circumstances presented to Defendant Hirrel would have required further investigation. I would read the facts and inferences in Hayes's favor including the following: he differed significantly in height and weight from the warrant, he made repeated protests of mistaken identity, he had two oddly distinct aliases. A fairly light effort on the part of Defendant Hirrel would have confirmed his mistaken identity.

For these reasons I respectfully dissent in part.