NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FULGENCIO VARGAS ORITZ; MARIA
DE JESUS LOPEZ RENTERIA; KEVIN
VARGAS BETANCOURT; JOSE
RONALDO TORRES LOPEZ; EMILY
SAMANTA VARGAS BETANCURT;
GUILLERMO VARGAS BETANCURT;
JORDIE JAVIER VARGAS LOPEZ,

Petitioners,

v.

PAMELA J. BONDI, Attorney General,

Respondent.

No. 21-70491

Agency Nos.
A208-118-371, A208-118-372,
A208-118-373, A208-118-374,
A208-118-375, A208-118-376,
A208-118-377

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2025**
Pasadena, California

Before: R. NELSON and VANDYKE, Circuit Judges, and COLE, District Judge.***

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Douglas R. Cole, United States District Judge for the Southern District of Ohio, sitting by designation.

Petitioners Fulgencio Vargas Ortiz ("Vargas"), Maria de Jesus Lopez Renteria ("Lopez"), and their children seek review of a summary affirmance by the Board of Immigration Appeals ("BIA") of a decision by an Immigration Judge ("IJ") denying Petitioners' applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We have jurisdiction under 8 U.S.C. § 1252. Because the BIA affirmed without an opinion, we review the IJ's decision. *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023). We review factual findings for substantial evidence and legal questions de novo. *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). We deny the petition.

Petitioners have forfeited any argument as to the IJ's conclusion that Petitioners failed to demonstrate a nexus between the persecution they fear and a statutorily protected ground. Beyond stating that they have "established a well-founded fear of future persecution on account of a protected ground," Petitioners' brief does not raise any actual arguments directed to this issue. They have therefore forfeited their challenge to the IJ's conclusion regarding nexus. *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1146 (9th Cir. 2024); *Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("[A]rguments … omitted from the opening brief are deemed forfeited."); *see also* Fed. R. App. P. 28(a)(8)(A). This forfeiture dooms their claims for both asylum and withholding of removal. *See* 8 C.F.R. § 1208.13(b), 1208.16(b); *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

21-70491

As for Petitioners' CAT claim, substantial evidence supports the IJ's denial of that claim. The record does not "compel[] a conclusion" that it is more likely than not Mexican officials will consent or acquiesce to Petitioners' torture if they return to Mexico. *Singh v. Bondi*, 130 F.4th 1142, 1148 (9th Cir. 2025) (quotation omitted). All Petitioners provide is generalized evidence of Mexico's violence and crime statistics. *See*, *e.g.*, AR 11–12, 131–46, 152–87. That is not enough. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that "generalized evidence of violence and crime in Mexico" does not meet the standard to obtain CAT relief).

**PETITION DENIED.**