NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Mr. MICHAEL DEVIN FLOYD, | No. 24-6866 |
| Plaintiff - Appellant, | D.C. No. 3:22-cv-00750-CRB |
| v. | MEMORANDUM* |
| SANTA CLARA DEPARTMENT OF CORRECTION; COUNTY OF SANTA CLARA; SANTA CLARA COUNTY SHERIFF'S OFFICE; ELMWOOD CORRECTIONAL FACILITY; Deputy DUNG TRAN, #10679; Deputy ROBERT SILOS, #11291; Deputy JEREMY HILES, #11188; Deputy SAUL AGUSTIN, #11131; CHARLES STOKES, III #11240; Deputy RYAN REYES, #10612; Deputy GINO COFFERATI, #10991; Deputy COREY EVANS, #10838; Sgt. YVETTE DIAS, #10305; CONSUELO RENEE GARCIA, LMFT; Sgt. BRADLEY REAGAN, #10572; Deputy VICTOR CABRERA, #11081; Deputy KYLE QUADROS, #11216; Deputy FABIAN SERRANO-ALVAREZ, #11284; Deputy GEORGE BARAJAS, #11089; Deputy JESUS PATINO, #11308; Deputy JOSEPH CORTEZ, #11307; Deputy ISAIAH CAMPOS, #11214; Sgt. RYAN HERNANDEZ, #10604; Deputy MIGUEL | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

SANCHEZ-PEREZ, #11050; Lt. RUTH
COTE, #10457; Deputy Sheriff
MATTHEW NEWTON, #2212; Sergeant
VORPAHL, #10888; Correctional Deputy
DANIEL DICKSON, #11036,

Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted October 21, 2025[**]
San Francisco, California

Before: PAEZ, BEA, and FORREST, Circuit Judges.

Late in the evening on August 18, 2021, Plaintiff-Appellant Michael Devin Floyd was arrested and brought to the Santa Clara Main Jail for booking. Four hours later, Floyd was transferred to the nearby Elmwood Correctional Facility. There, correctional officers asked Floyd to change from his civilian clothes into jail-issued attire, a routine procedure that all detainees who arrive at Elmwood must complete before moving from the lobby into the prison's housing unit. Floyd was unwilling to change his clothes and thus could not leave the lobby. For ten hours, Floyd refused to cooperate despite attempts by more than a dozen correctional officers and two mental-health professionals to persuade him. On the afternoon of August 19,

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2021, Floyd finally relented and allowed officers to escort him to his housing unit, thus ending an encounter that began with Floyd's booking at the Main Jail and lasted more than fourteen hours.

Floyd filed this action under 42 U.S.C. § 1983 against the County of Santa Clara, several of the County's subdivisions, and twenty-four individual correctional officers from both the Main Jail and Elmwood (collectively, "Defendants"). Floyd alleged that various officers used excessive force against him, deprived him of the right to make a phone call, and denied him access to the restroom, in violation of his Fourteenth Amendment right as a pretrial detainee to be free from punishment; Floyd also alleged that the County of Santa Clara had a policy of violating detainees' rights in this manner and was liable under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). The district court granted summary judgment to Defendants on all counts. Floyd timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's grant of summary judgment and its qualified immunity determinations de novo. *Hughes v. Rodriguez*, 31 F.4th 1211, 1218 (9th Cir. 2022) (citation omitted). We affirm.

1. The district court did not err in finding that, on account of video evidence proffered by Defendants that "blatantly contradicted" Floyd's version of events, no reasonable jury could find that the officers used excessive force or violated Floyd's

right of access to a restroom. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). Floyd claims that the footage in the videos was altered or fabricated. Floyd offers no evidence to substantiate this claim, yet maintains that because the videos were fabricated, the district court should not have accorded them any weight at summary judgment and should have found that a triable issue of fact existed because of the conflict between Floyd's narrative of events and Defendants' narrative. While the district court's decision to grant summary judgment would be called into question if there were evidence to support a reasonable inference that the videos upon which the district court relied were "doctored or altered in any way," *Scott*, 550 U.S. at 378, Floyd's bare allegations of fabrication do not suffice. "[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). Thus, the district court properly considered the video evidence and accorded it the proper weight under *Scott v. Harris*. *See* 550 U.S. at 378–80.

2. Regarding Floyd's Fourteenth Amendment claim arising from the alleged denial of his right to make a phone call, the district court correctly granted summary judgment to the defendant officers based on qualified immunity. Floyd's asserted right comes from California Penal Code § 851.5, which creates a "liberty interest," protected by the Fourteenth Amendment, in an arrestee's right to make three phone calls. *Carlo v. City of Chino*, 105 F.3d 493, 502 (9th Cir. 1997).

Cal. Penal Code § 851.5 requires officers to allow an arrestee to use a phone "upon request, or as soon as practicable." *Id.* § 851.5(e). At Elmwood, multiple officers assured Floyd that he would be able to use the phone once he "dressed out" and could be taken to his cell. Though Floyd claims that he had to wait over ten hours at Elmwood before he could make a phone call, this delay was caused by Floyd's refusal to "dress out," not the defendant officers. The officers' conduct at Elmwood did not clearly violate their statutory obligation to provide Floyd with a phone call "as soon as practicable." Cal. Penal Code § 851.5(e). Floyd has failed to show that he "suffered a deprivation of a constitutional or statutory right" and therefore cannot overcome the officers' defense of qualified immunity. *Hamby v. Hammond*, 821 F.3d 1085, 1091 (9th Cir. 2016) (quoting *Taylor v. Barkes*, 575 U.S. 822, 824 (2015)). The district court properly granted summary judgment to the defendant officers on this basis.[1]

3. The district court correctly granted summary judgment to Defendants on Floyd's Fourteenth Amendment claim arising out of his alleged deprivation of access to the restroom because Floyd failed to raise a genuine dispute of material fact as to whether Defendants committed a constitutional violation. Because Floyd

---

[1] Defendants have filed a motion to take judicial notice of the previously enacted text and legislative history of Cal. Penal Code § 851.5. Because the text and legislative history of Section 851.5 are unnecessary to affirm the district court's order granting summary judgment to the defendant officers based on qualified immunity, we **DENY** Defendants' motion to take judicial notice.

was a pretrial detainee, not a convicted prisoner, his asserted right comes from the Fourteenth Amendment's prohibition against "punishment" of pretrial detainees, not the Eighth Amendment's prohibition against "cruel and unusual punishment." *See Norbert v. City & County of San Francisco*, 10 F.4th 918, 928 (9th Cir. 2021). For official action to constitute "punishment" that violates the Fourteenth Amendment, "(1) that action must cause the detainee to suffer some harm or disability, and (2) the purpose of the governmental action must be to punish the detainee." *Demery v. Arpaio*, 378 F.3d 1020, 1029 (9th Cir. 2004) (quoting *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). To satisfy the first prong, a detainee must show that he has been subjected to harm that "significantly exceed[s] . . . the inherent discomforts of confinement." *Id.* at 1030. Short-term deprivations of restroom access do not rise to this level. As this Court has recognized, in the prison context, there is "no doubt that toilets can be unavailable for some period of time without violating the [Constitution]." *Johnson v. Lewis*, 217 F.3d 726, 733 (9th Cir. 2000).

Floyd used the restroom four times and did not involuntarily urinate or defecate at any point. There is no evidence that Floyd had to wait longer than two hours to use the restroom after he requested to use it. Construing the facts in the light most favorable to Floyd, he has failed to show he suffered harm that "significantly exceed[s] . . . the inherent discomforts of confinement." *See Demery*,

378 F.3d at 1030. Thus, the district court properly granted summary judgment to Defendants on this claim.

4. Floyd forfeited his excessive force and *Monell* claims by failing to raise them in his opening brief. "[A]rguments . . . omitted from the opening brief" are generally "deemed forfeited," subject to exceptions that are not applicable here. *Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018). This rule applies "even to non-lawyers who proceed pro se." *Sharemaster v. SEC*, 847 F.3d 1059, 1070 (9th Cir. 2017).

**AFFIRMED.**