NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 6 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NANCY DAVILA ESPEJO; ORLANDO BARAJAS DAVILA; KARLA BARAJAS DAVILA, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No.  20-73298 <br><br> Agency Nos.   A208-599-377 <br> A208-599-378 <br> A208-599-379 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2026**
Seattle, Washington

Before:  PAEZ, BEA, and BRESS, Circuit Judges.

Nancy Davila Espejo and her two children, Orlando Barajas Davila and Karla

Barajas Davila, natives and citizens of Mexico, petition for review of the Board of

Immigration Appeals' (BIA) order dismissing their appeal from an immigration

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judge's (IJ) order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). We deny the petition.

1. "Both asylum and withholding depend on a finding that the applicant was harmed, or threatened with harm, on account of a protected ground," such as membership in a particular social group (PSG). *Plancarte Sauceda v. Garland*, 23 F.4th 824, 833 (9th Cir. 2022). A particular social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Andrade v. Garland*, 94 F.4th 904, 910 (9th Cir. 2024) (citation omitted).

Davila Espejo challenges the agency's determination that her proposed PSGs were not cognizable: "educated, prosperous women from Michoacán," "educated, prosperous women from Tierra Caliente, Michoacán," and "prosperous and well-educated women with young children in Michoacán." We review de novo whether a proposed particular social group is cognizable. *Macedo Templos v. Wilkinson*, 987 F.3d 877, 879 (9th Cir. 2021). We review the agency's factual findings regarding

---

[1] Davila Espejo's children are derivative beneficiaries of her applications. We refer to petitioners collectively as "Davila Espejo."

2

particularity, immutability, and social distinction for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020).

The agency found that Davila Espejo's proposed PSGs, each of which is defined in part by prosperity, were not cognizable. Prosperity is a temporary, contingent condition, not an immutable characteristic. *See Matter of A–M–E– & J–G–U–*, 24 I. & N. Dec. 69, 76 (BIA 2007) (observing that the "characteristic of wealth or affluence is simply too . . . variable" to provide the "sole basis for membership" in a PSG). Further, Davila Espejo's proposed PSGs are not "sufficiently particular" because their defining trait—prosperity—is subjective and does not describe a "discrete class of persons." *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016). Finally, the agency properly concluded that Davila Espejo's proposed PSGs lacked social distinction. In *Macedo Templos*, we affirmed the agency's rejection of a similar proposed PSG ("wealthy business owners") because petitioner had not identified any evidence demonstrating that "Mexican society perceive[d] wealthy business owners as a distinct group." 987 F.3d at 882. Davila Espejo does not identify any "corroborative, objective evidence" in the record that would compel a contrary conclusion as to her proposed PSGs. *Diaz-Torres v. Barr*, 963 F.3d 976, 982 (9th Cir. 2020).

The agency's determination that Davila Espejo's proposed PSGs were not cognizable was correct. Because that determination is dispositive of Davila Espejo's

asylum and withholding of removal claims, it provides a sufficient basis for denying the petition for review.

2. In addition, we deny the petition because Davila Espejo failed to establish the requisite nexus between her feared persecution and her membership in any of her proposed PSGs. The agency also found that Davila Espejo seemed to fear "indiscriminate violence" and "generalized crime" in Michoacán. The agency found that Davila Espejo had "not demonstrated the requisite nexus between a protected ground and the claimed persecution." Substantial evidence supports that finding. Davila Espejo testified that cartel violence in Michoacán is indiscriminate and that a person may be killed for no reason, irrespective of his level of educational attainment or prosperity. "Asylum is not available to victims of indiscriminate violence" unless they can demonstrate that "they are singled out on account of a protected ground." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) (per curiam). Davila Espejo did not make that showing.

The lack of a nexus to a protected ground is also dispositive of Davila Espejo's asylum and withholding of removal claims. *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016). Although the nexus standard for withholding of removal is "less demanding" than the standard for asylum, that distinction does not matter

4

where, as here, there is "no nexus at all." *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).[2]

**PETITION DENIED.**[3]

---

[2] Davila Espejo failed to challenge the agency's denial of her application for CAT protection in her opening brief. She has therefore forfeited the issue, and we do not consider it. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018).

[3] Davila Espejo's motion to stay removal, Dkt. 1, is denied. The temporary stay of removal shall remain in place until the mandate issues.