NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA MADGALENA PEREZ DE
LOPEZ; JOSE NOEL LOPEZ PEREZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-851

Agency Nos.
A209-900-168
A209-900-169

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2026**
Seattle, Washington

Before: McKEOWN, PAEZ, and BRESS, Circuit Judges.

Maria Magdalena Perez De Lopez ("Perez De Lopez" or "Petitioner") and

her son Jose Noel Lopez Perez ("Lopez Perez"), natives and citizens of El

Salvador (collectively, "Petitioners"), petition for review of the decision of the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Board of Immigration Appeals ("BIA") dismissing their appeal of the Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] We have jurisdiction to review the petition pursuant to 8 U.S.C. § 1252(a)(1). We deny the petition.

To qualify for asylum or withholding of removal, a petitioner must show past "persecution or a well-founded fear of persecution on account of . . . membership in a particular social group, or political opinion." *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). To be cognizable, a particular social group ("PSG") must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)).

**1.** Substantial evidence supports the agency's determination that Lopez Perez did not experience past persecution.[2] *Urias-Orellana v. Bondi*, 607 U.S. ___ (2026) (slip op. at 1–2). To determine whether death threats amount to persecution, we "look at all of the surrounding circumstances to determine whether

---

[1] Lopez Perez is a derivative of Perez De Lopez's asylum application. He also submitted his own application for asylum and related forms of relief.

[2] Petitioners forfeited any challenge to the agency's determination that Perez De Lopez did not experience past persecution. *Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018). Therefore, we do not address that issue.

. . . threats are actually credible." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Threats alone may constitute persecution "particularly when . . . accompanied by evidence of violent confrontations, near-confrontations and vandalism." *Corpeno-Romero v. Garland*, 120 F.4th 570, 578 (9th Cir. 2024) (citation omitted). The "surrounding circumstances" in this case do not compel a finding of past persecution, notwithstanding Lopez Perez's age. *Duran-Rodriguez*, 918 F.3d at 1028. On the occasions when Lopez Perez failed to pay Marcos Cruz, Jose's older classmate who claimed to be in MS-13, he was not harmed, and neither Lopez Perez nor Perez De Lopez were approached or confronted after Lopez Perez stopped attending school and paying Cruz.

Nor did the agency err by discounting the murders of Petitioners' cousin and friends from its past persecution determination. The BIA adopted the IJ's finding that the murders were "unrelated" to Petitioners, and harm to family and friends bears on past persecution only when it is "part of 'a pattern of persecution closely tied to'" the petitioner. *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (quoting *Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991)).

**2.** Substantial evidence supports the agency's determination that Petitioners failed to establish a well-founded fear of future persecution. *Sharma*, 9 F.4th at 1065. To establish a well-founded fear of future persecution, a petitioner must establish "both a subjective fear of future persecution, as well as an objectively

25-851

'reasonable possibility' of persecution upon return to the country in question." *Duran-Rodriguez,* 918 F.3d at 1029 (quoting *Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1190 (9th Cir. 2005)). On this record, a reasonable factfinder could find that Petitioners' fear of future harm was not objectively reasonable because there was insufficient evidence that Cruz was a member of MS-13, and with respect to Perez De Lopez, insufficient evidence that MS-13 was interested in targeting her.

3. Petitioners do not identify evidence that compels the conclusion that the proposed PSG of "students in public schools in El Salvador who report gang extortion to school authorities" is socially distinct, meaning "set apart, or distinct, from other persons within the society in some significant way." *Matter of M-E-V-G-,* 26 I. & N. Dec. at 238. Substantial evidence thus supports the agency's determination that the proposed PSG is not cognizable. *Diaz-Torres v. Barr,* 963 F.3d 976, 980 (9th Cir. 2020).

4. Substantial evidence also supports the agency's determination that Petitioners did not establish that Lopez Perez was targeted on account of a political opinion. The record does not compel the conclusion that Lopez Perez's "political opinion of opposition to gang control" was "the basis for the threats."

For these reasons, we deny the petitions for review as to asylum and withholding of removal.

25-851

**5.** We also deny the petition for review of Petitioners' CAT claim. "To qualify for CAT protection, a petitioner must show it is 'more likely than not he or she would be tortured if removed to the proposed country of removal.'" *Sharma*, 9 F.4th at 1067 (quoting 8 C.F.R. § 208.16(c)(2)). A reasonable factfinder could find that on this record, Petitioners failed to establish that it is not more likely than not that they would be subjected to torture if returned to El Salvador. Therefore, we deny the petition for review as to Petitioners' CAT claim.

**PETITION DENIED.**[3]

---

[3] The motion to stay removal, Dkt. 3, is denied. The temporary stay of removal shall remain in place until the mandate issues.