NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA ISABEL ALCANTARA MENDEZ,
AKA Rosario Garcia Lopez, AKA Luz M.
Renteria Govea,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.    17-72144

Agency No. A087-315-116

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2026**
Seattle, Washington

Before:  PAEZ, BEA, and BRESS, Circuit Judges.

Maria Isabel Alcantara Mendez ("Alcantara Mendez"), a citizen of Mexico,

petitions for review of the denial of her applications for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").

         *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. Our review is limited to the Board of Immigration Appeals' ("BIA") decision except to the extent that the immigration judge's ("IJ") opinion was expressly adopted by the BIA. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). We review factual findings for substantial evidence and questions of law de novo. *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). We deny the petition.

1. ***Asylum and Withholding of Removal.*** The five statutorily protected grounds for asylum and withholding of removal claims are race, religion, nationality, membership in a particular social group ("PSG"), and political opinion. 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A). Alcantara Mendez's claims are based on membership in a PSG.

**A.** The IJ and BIA determined that Alcantara Mendez's proposed PSG, "victims of domestic violence," was not cognizable. Alcantara Mendez did not challenge this determination in her opening brief. Accordingly, the issue is forfeited. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018).

**B.** The BIA did not err in declining to consider the cognizability of an additional proposed PSG, "Mexican women in a domestic relationship they are unable to leave," because Alcantara Mendez did not raise it before the IJ. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam) (holding that "the [BIA] did not err when it declined to consider [the

petitioner's] proposed [PSGs] that were raised for the first time on appeal").

Accordingly, Alcantara Mendez's asylum and withholding of removal claims fail because she did not meet her burden to establish that she was or will be persecuted on account of her membership in a cognizable PSG. *See Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1200 (9th Cir. 2023).

**2. *CAT.*** To qualify for CAT relief, a petitioner must establish that it is more likely than not that she would be tortured if returned to the country of removal. 8 C.F.R. § 1208.16(c)(2). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person," 8 C.F.R. § 1208.18(a), and for CAT relief, acts of torture must be inflicted "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." *Id.*

We are not persuaded by Alcantara Mendez's argument that the BIA failed to take into account her country conditions evidence, as the BIA cited it and expressly stated that "the record reflects that domestic violence is a serious and widespread problem in Mexico." Further, the record does not compel the conclusion that it is more likely than not that the Mexican government would consent to or acquiesce in any future torture of Alcantara Mendez by her ex-husband. *See Hernandez v. Garland*, 52 F.4th 757, 770 (9th Cir. 2022). Accordingly, the agency did not err in denying CAT relief.

**PETITION DENIED.**[1]

---

[1] Alcantara Mendez's motion to stay removal, Dkt. 1-4, is denied. The temporary stay of removal shall remain in place until the mandate issues.