NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUSTIN JOBES, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CITY OF BELLEVUE, <br><br> Defendant - Appellee. | No. 24-6656 <br><br> D.C. No. 2:23-cv-00839-TSZ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted May 22, 2026[**]
Seattle, Washington

Before: HAWKINS, CLIFTON, and R. NELSON, Circuit Judges.

Plaintiff-Appellant Justin Jobes appeals the grant of summary judgment to

Defendant-Appellee the City of Bellevue (the City). Jobes alleges religious

discrimination and failure to accommodate under Title VII, 42 U.S.C. § 2000e et

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

seq, and the Washington Law Against Discrimination.[1]  Because the district court correctly concluded that the City tried to reasonably accommodate Jobes, we affirm.

The district court had jurisdiction under 28 U.S.C. §§ 1331, 1367.  We have jurisdiction under 28 U.S.C. § 1291.  "We review de novo the district court's grant or denial of summary judgment."  *Alaska R.R. Corp. v. Flying Crown Subdivision Addition No. 1 & Addition No. 2 Prop. Owners Ass'n*, 89 F.4th 792, 798 (9th Cir. 2023).  The grant of summary judgment should be upheld if the evidence viewed in the light most favorable to the nonmoving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Nissan Fire & Marine Ins. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000).  To be eligible for summary judgment on an affirmative defense, the party asserting that defense must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party."  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

As a threshold matter, Jobes argues that the district court's issuance of an oral rather than written order of summary judgment automatically constitutes a reason to reverse the grant of summary judgment..  This argument is incorrect.  We have held

---

[1] The claim under Washington law is guided by federal Title VII caselaw and thus both claims rise or fall together.  *See Kumar v. Gate Gourmet, Inc.*, 325 P.3d 193, 197 (Wash. 2014).

that a written memorandum is not necessary to grant summary judgment; a reasoned oral order combined with the order granting summary judgment suffices. *See, e.g.*, *Orr v. Plumb*, 884 F.3d 923, 931 (9th Cir. 2018); *In re Schimmels*, 85 F.3d 416, 421 (9th Cir. 1996).

Turning to the merits, since Jobes made a prima facie claim under Title VII, the City can rebut that claim via an affirmative defense if it can "show that it initiated good faith efforts to accommodate reasonably the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship." *Petersen v. Snohomish Reg'l Fire & Rescue*, 150 F.4th 1211, 1216 (9th Cir. 2025) (quoting *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004)).

The City offered Jobes several reasonable accommodations. First, the City offered Jobes a utilities position, which Jobes rejected. Jobes requested paid medical leave paid medical leave for stress related to the vaccine mandate, and the City granted it to him for five months. When Jobes' medical leave was set to end, the City offered him three other potential positions—as an Emergency Management Coordinator, as an LTE Grants Coordinator, and as a Fire Prevention Program Analyst. None of these jobs required contact with patients, and the Fire Prevention position allowed Jobes to remain within the City's Fire Department. Jobes refused these accommodations. The City contacted Jobes subsequently and offered him a Fire Prevention Officer position within the Fire Department. Jobes declined this

accommodation as well. And after Jobes voluntarily resigned and the vaccine mandate was lifted, the City later contacted Jobes through one of its Fire Chiefs and advised him there was a pathway for him to return to his old job as a Firefighter/EMT. Jobes declined this final offer as well.

The record shows that the City repeatedly offered reasonable accommodations to Jobes which he repeatedly declined. As such, the City carried its burden on the affirmative defense, and the district court did not err in granting summary judgment. *See Petersen*, 150 F.4th at 1216. Moreover, because this case arises in the exact same context as *Petersen*, the City also would have prevailed on its affirmative defense of undue hardship as the district court concluded. *See id.* at 1220.

**AFFIRMED.**